FIELD SURGICAL ASSOCIATES, LTD., *et al.,* Plaintiffs-Appellants, v. FARROKH SHADAB, M.D., Defendant-Appellee.

First District (2nd Division)   No. 77-1597

Opinion filed April 25, 1978.

Frank J. Dolan, of Chicago, for appellants.

William B. Blanchard, of Olympia Fields (Rakich, Treichel & Blanchard, Ltd., of counsel), for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

This case concerns the validity of a contractual restriction upon the right to practice medicine. Plaintiffs, a group of physicians practicing as a partnership and conducting business as the Blue Island Medical Center, brought suit in the circuit court of Cook County to enjoin a former associate, Farrokh Shadab, from practicing medicine in Blue Island, Illinois, or within a five-mile radius thereof in violation of his partnership agreement. After hearing the arguments of counsel but without receiving any evidence, the circuit court denied plaintiffs' request for injunctive relief, stating that the terms of the restriction were unreasonable. Plaintiffs appeal, contending that this particular restrictive covenant is enforceable as a matter of law.

We reverse.

Plaintiffs' complaint contains the following factual allegations: The partnership agreement in question was entered into on January 1, 1976. The purpose of this written covenant was the affiliation of the plaintiffs so that they could offer their various medical specialties at one central location. Paragraph 25 of the partnership agreement declared:

> "In the event that any Partner shall withdraw or retire from the Partnership, such Partner covenants, warrants and agrees that he will not engage in the practice of medicine for a period of five (5) years thereafter within the City of Blue Island and a 5-mile radius

> thereof either as an employee of another, in association with others, as an individual, or as a stockholder of, promotor of or advisor to any other individual, partnership or corporation other than the Partnership, which shall offer any services or goods of the type now or hereafter offered by the Partnership."

This agreement also provided that new partners could be admitted into the partnership with the approval of three-quarters of the partner membership. However, this provision contained the stipulation that each newly accepted partner was bound by the pre-existing terms of the agreement.

Shadab was not an original signatory of the partnership agreement. He was admitted to the partnership on July 1, 1976, pursuant to the aforementioned provision allowing for new partners. On June 13, 1977, Shadab sent plaintiffs' business manager a letter which announced his resignation from the partnership and which stated that his last day of work would be October 13, 1977. Thereafter, the defendant indicated that he intended to practice pediatric medicine in association with a medical clinic located approximately five blocks from the Blue Island Medical Center, and he informed a representative of the partnership that he had scheduled office hours for October 14, 1977. Allegedly, Shadab has been conducting his practice at the neighboring clinic since that date.

Plaintiffs filed their original complaint for injunctive relief on October 11, 1977. In order to enforce the restrictions contained in the above-stated paragraph, plaintiffs requested a temporary restraining order, a temporary injunction, a hearing on the motion for the temporary injunction and a permanent injunction. Defendant then filed an answer to this complaint. After hearing argument, the court entered an order on October 24, which denied the temporary restraining order and which stated that paragraph 25 was unreasonably restrictive with regard to the scope of practice prohibited, the geographical area and the time limitation. Additionally, the court verbally denied plaintiffs' motion for the temporary injunction and for the hearing on the temporary injunction, but it granted plaintiffs' request for leave to file instanter a first amended complaint.

The first amended complaint was filed later that day and was substantially the same as the original with the exception that the prayer for relief was modified as to the stated limitations. The time limitation was lowered from five years to one year, and the radius was reduced from five miles to one mile. Also, this complaint no longer sought to restrain defendant's practice of medicine at licensed hospital facilities within the prohibited area.

In response to the first amended complaint, the circuit court entered a second order on October 27, 1977. This order specifically denied

plaintiffs' amended request for a temporary restraining order and a temporary injunction.

Plaintiffs filed their notice of appeal on October 28, 1977. This notice stated that plaintiffs were appealing from both orders.

Defendant argues that plaintiffs waived any contention of error, regarding the trial court's ruling on the relief requested in their original complaint, when they elected to file an amended pleading. He contends that plaintiffs by taking such action abandoned their initial complaint, and he maintains, therefore, that the October 24 order should not be considered part of the record on appeal.

■■ As a general rule, an amendment which is complete in itself and which makes no reference to the prior pleading supersedes it, and the original pleading ceases to be a part of the record, being in effect abandoned or withdrawn. (*Wright v. Risser* (2d Dist. 1937), 290 Ill. App. 576, 581, 8 N.E.2d 966, 968-69.) Consequently a plaintiff who chooses to file an amended pleading usually waives all objections to the trial court's ruling on the original complaint. (*People ex rel. Morris v. Opie* (1922), 304 Ill. 521, 522, 136 N.E. 752, 753.) However, a stringent application of this principle would have the effect of precluding this court from reviewing the trial court's ruling on the reasonableness of the limitations enumerated in paragraph 25 since the trial court's order of October 27 does not contain a similar finding with respect to the modified restrictions in the first amended complaint.

■■ We feel that such a result would unfairly limit the scope of plaintiffs' appeal. We base our conclusion on the fact that plaintiffs' notice of appeal was filed in a timely manner as to both orders (see Ill. Rev. Stat. 1977, ch. 110A, par. 303(a)) and that it stated specifically that both orders were being appealed. More importantly, plaintiffs never demonstrated any intention of abandoning their initial claim against Shadab. This is evidenced by the fact that the first amended complaint is fundamentally the same as the original complaint with the exception of the changed limitations. Accordingly, it is our opinion that plaintiffs are entitled to have this court review the propriety of the October 24 order.

Defendant also argues that the trial court's denial of the temporary restraining order is not subject to our review since plaintiffs brought their appeal under Supreme Court Rule 307(a)(1) (Ill. Rev. Stat. 1977, ch. 110A, par. 307(a)(1)) rather than Supreme Court Rule 301 (Ill. Rev. Stat. 1977, ch. 110A, par. 301).

Supreme Court Rule 301 provides that "[e]very final judgment of a circuit court in a civil case is appealable as of right." Supreme Court Rule 307(a)(1) declares that "[a]n appeal may be taken to the Appellate Court from an interlocutory order * * * granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction; * * *." Initially this court held that only temporary and permanent injunctions

were appealable under Supreme Court Rule 307(a)(1). (*Bohn Aluminum & Brass Co. v. Barker* (4th Dist. 1972), 3 Ill. App. 3d 600, 278 N.E.2d 247.) It was determined subsequently that the denial of a temporary restraining order could be appealed under Supreme Court Rule 301 if such denial amounted to a "final judgment." A denial attained such status where it determined substantial rights of the parties which would be irreparably lost if review was delayed. (*People ex rel. Pollution Control Board v. Lloyd A. Fry Roofing Co.* (1st Dist. 1972), 4 Ill. App. 3d 675, 679, 281 N.E.2d 757, 760. See also *Bernard Brothers, Inc. v. Deibler* (2d Dist. 1951), 344 Ill. App. 222, 228, 100 N.E.2d 512, 515.) However, in 1973 our supreme court reversed the holding in the *Bohn* case and directed that an appeal of a temporary restraining order may be made pursuant to Supreme Court Rule 307(a)(1). (55 Ill. 2d 177, 303 N.E. 1.) In view of this directive, it is evident that the trial court's denial of plaintiffs' request for a temporary restraining order is also properly before this court.

Since we have taken jurisdiction over all aspects of the October 24 order, the remaining question for resolution is whether the trial court erred when it held the restrictive covenant unenforceable based on its finding that the limitations stated in paragraph 25 are unreasonable.

The issuance or denial of injunctive relief is addressed to the sound discretion of the trial court. (See *Booth v. Greber* (1st Dist. 1977), 48 Ill. App. 3d 213, 217, 363 N.E.2d 6, 9.) The scope of our review is limited, therefore, to a determination of whether the trial court has properly exercised its broad discretionary power. (See *Grillo v. Sidney Wanzer & Sons, Inc.* (1st Dist. 1975), 26 Ill. App. 3d 1007, 1011, 326 N.E.2d 180, 183.) Consequently, we shall consider this issue only so far as is necessary to determine whether there has been an abuse of discretion. See *Wessel Co. v. Busa* (1st Dist. 1975), 28 Ill. App. 3d 686, 690, 329 N.E.2d 414, 417.

Defendant contends that the trial court's ruling was proper because the stated limitations are more extensive than is necessary to preserve the status quo. We do not agree.

■■ It is true that contracts in general restraint of trade are ordinarily held to be void. However, where the limitation as to time and territory is reasonable, the agreement is valid and relief by injunction is customary and proper. (*Ryan v. Hamilton* (1903), 205 Ill. 191, 197, 68 N.E. 781, 783.) In determining whether a particular restraint is reasonable, it is necessary to consider whether enforcement will be injurious to the public or cause undue hardship to the promisor, and whether the restraint imposed is greater than is necessary to protect the promisee. *Bauer v. Sawyer* (1956), 8 Ill. 2d 351, 355, 134 N.E.2d 329, 331; *Hursen v. Gavin* (1896), 162 Ill. 377, 380, 44 N.E. 735.

■■ A restraint such as the present one is certainly not injurious to the public at large. Defendant can be equally useful to the public interest by practicing his medical specialty in some location other than the prohibited

area since the health of individuals living elsewhere in this State is just as important. As was stated in *Canfield v. Spear* (1969), 44 Ill. 2d 49, 52, 254 N.E.2d 433, 435:

> "It cannot be said that the public interest is adversely affected if a physician decides to move from one community to another, nor does it become so if the move results from some agreement made in advance. If a severe shortage exists in any particular place young doctors will tend to move there, thus alleviating the shortage."

Nor is there a special hardship to Dr. Shadab in having to observe the restrictions as to scope of practice, time and geographical area. After five years, he may resume his practice in Blue Island or within a five-mile radius thereof. Meanwhile he may practice anywhere else. In view of the modern methods of communication and transportation, we do not feel that these limitations are unreasonable. (See *Bauer v. Sawyer.*) Indeed, the courts of this State have enforced similar restrictions in the past.

In *Canfield v. Spear* a group of physicians were associated in a medical clinic located in Rockford, Illinois. The restrictive covenant provided that in the event a doctor withdrew from the association, he would not re-engage in the practice of medicine within Rockford or within a radius of 25 miles of that city for a period of three years. In reversing the appellate court, which had found this covenant to be unenforceable, the supreme court held that the restraint was not unreasonably broad. (See also *Cockerill v. Wilson* (1972), 51 Ill. 2d 179, 281 N.E.2d 648.) For similar reasons a decision of enforcement was also rendered in *Bauer v. Sawyer* and *Storer v. Brock* (1933), 351 Ill. 643, 184 N.E. 868. *Bauer* involved a restriction which prohibited the practice of medicine within a 25-mile radius for a period of five years. The restraint in *Storer* covered the entire city of Chicago and was unlimited as to time.

In *Booth v. Greber* this court approved a restrictive covenant that prohibited an employee of an electrologist from establishing her own electrolysis business within a 25-mile radius of her employer's office for a period of two years following the termination of her employment.

For the aforementioned reasons we conclude that the limitations expressed in paragraph 25 are reasonable and that the partnership agreement is not contrary to public policy. The trial court erred in declaring this covenant unenforceable. Accordingly, the order of October 24 is reversed as is the October 27 order, and the cause is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded with directions.

DOWNING and BROWN, JJ., concur.