(No. 56736.—

FOXCROFT TOWNHOME OWNERS ASSOCIATION *et al.*, Appellants, v. HOFFMAN ROSNER CORPORATION, Appellee.

*Opinion filed April 22, 1983.—Rehearing denied May 27, 1983.*

Timothy J. Reuland, of Aurora (Lindner, Speers & Reuland, P.C., of counsel), for appellants.

Bruce A. Brown, of Aurora (Goldsmith, Thelin, Schiller & Dickson, of counsel), for appellee.

JUSTICE MORAN delivered the opinion of the court:

Foxcroft Townhome Owners Association (Foxcroft) and members of the board of directors of Foxcroft filed a class action suit on behalf of all the condominium owners against defendant, Hoffman Rosner Corporation, the builder and developer of the condominiums. The complaint contained three counts; count I sought relief for the breach of an implied warranty of habitability; count II alleged that defendant was negligent in using defective siding, or negligently installed the siding; count III alleged breach of a fiduciary relationship.

Pursuant to defendant's pretrial motion, the circuit court of Kane County dismissed counts II and III for failure to state a cause of action. With respect to count I, the court denied the motion to dismiss as to those individuals who purchased their units directly from defendant. It granted the motion insofar as it related to subsequent purchasers who were not in privity with defendant.

Foxcroft subsequently filed an amended complaint, which again contained three counts. Count I, brought as a class action on behalf of the original purchasers, alleged breach of an implied warranty of habitability. The warranty was claimed to arise by virtue of the docu-

ments (bylaws, articles of incorporation and declarations) which defendant caused to be filed. Count II, based on a negligence theory, was also brought as a class action on behalf of the original purchasers. This count essentially claimed that defendant failed to exercise due care in constructing the buildings in a workmanlike manner. Count III was based on the same negligence theory as count II, but was brought on behalf of the subsequent purchasers. Defendant moved to dismiss the amended complaint, which motion was granted as to count III. The court denied the motion to dismiss counts I and II, and later ruled that the original purchasers could proceed on these counts by way of a class action.

Foxcroft thereafter filed a motion to have the trial court reconsider its orders dismissing, as to subsequent purchasers, counts I and II in the original complaint and count III of the amended complaint. This motion was denied. Defendant later moved for summary judgment on count II of the amended complaint on the theory that purely economic losses are not recoverable in tort. The trial court granted this motion.

Prior to trial, the original purchasers entered into a stipulation of settlement with defendant. The stipulation was expressly applicable only to the original purchasers, and did not affect any rights of the subsequent purchasers. On appeal to the appellate court, plaintiffs, the subsequent purchasers, contended that the trial court erred in dismissing counts I (implied warranty) and III (breach of fiduciary duty) of the original complaint, and count III of the amended complaint (negligence). Defendant argued that, by amending counts I and III of the original complaint, plaintiffs abandoned those counts. The appellate court was "inclined to agree," but nevertheless reached the merits of the issues raised under counts I and III of the original complaint, and concluded that these counts were properly dismissed. With regard

to count I, the appellate court agreed with the trial court and, on the basis of lack of privity, determined that plaintiffs failed to state a cause of action. It upheld the dismissal of count III because the drafting and recording of the condominium documents were insufficient to create a fiduciary relationship between plaintiffs and defendant as to the quality of workmanship and materials in the buildings. The court also affirmed the dismissal of count III of plaintiffs' amended complaint because recovery may not be sought, in tort, for a purely economic loss. (105 Ill. App. 3d 951.) We granted plaintiffs leave to appeal.

The issues raised for review are (1) whether plaintiffs, by filing an amended complaint, waived their right to object to the trial court's rulings on the original complaint and (2) whether they may recover damages for latent construction defects under the theories of implied warranty of habitability, negligence, or breach of fiduciary duty.

Counts I and III of the original complaint, alleging causes of action under the theories of implied warranty of habitability and breach of fiduciary duty, were not restated, or incorporated by reference, in the amended complaint. Plaintiffs cite three appellate court cases for the proposition that the original complaint may nevertheless be considered on review because they did not manifest an intent to abandon the original counts. (*Moore v. Everett Snodgrass, Inc.* (1980), 87 Ill. App. 3d 388; *Field Surgical Associates, Ltd. v. Shadab* (1978), 59 Ill. App. 3d 991; *Enlow v. Illinois Central R.R. Co.* (1968), 103 Ill. App. 2d 269.) However, this court and a majority of the appellate court cases have adhered to the well-established principle that a party who files an amended pleading waives any objection to the trial court's ruling on the former complaints. (*E.g., Bowman v. County of Lake* (1963), 29 Ill. 2d 268; *Cottrell v. Gerson* (1939), 371 Ill.

174; *Pickle v. Curns* (1982), 106 Ill. App. 3d 734; *Pearce v. Illinois Central Gulf R.R. Co.* (1980), 89 Ill. App. 3d 22; *In re Estate of DeKoekkoek* (1979), 76 Ill. App. 3d 549; *Henkhaus v. Barton* (1977), 56 Ill. App. 3d 767; *Erickson v. Walsh* (1973), 11 Ill. App. 3d 99; *Coffey v. MacKay* (1972), 2 Ill. App. 3d 802; see *People ex rel. Morris v. Opie* (1922), 304 Ill. 521; *Bennett v. Union Central Life Insurance Co.* (1903), 203 Ill. 439.) "Where an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be a part of the record for most purposes, being in effect abandoned and withdrawn." *Bowman v. County of Lake* (1963), 29 Ill. 2d 268, 272.

There are significant policy considerations which favor adherence to this general rule. In particular is the interest in the efficient and orderly administration of justice. It is expected that a cause will proceed to trial on the claims as set forth in the final amended complaint.

This procedure ensures that the trial judge will be aware of the points in issue, and can properly rule on objections at trial. To allow a party to also introduce allegations related in earlier pleadings would result in confusion and impose an unnecessary burden upon the trial judge. No interest would be served by requiring the judge to speculate as to which legal theories or claims a party intends to advance during trial.

The complaint notifies the defendant of the alleged causes of action and theories of recovery. When a complaint is amended, without reference to the earlier allegations, it is expected that these allegations are no longer at issue. Defendants would be disadvantaged by a rule which would, in effect, permit a plaintiff to proceed to trial on different issues contained in separate complaints. In contrast, we perceive no undue burden in requiring a party to incorporate in its final pleading all allegations which it desires to preserve for trial or review.

Plaintiffs rely upon this court's decision in *Stenwall v. Bergstrom* (1947), 398 Ill. 377. We do not find the case controlling. There the plaintiffs amended their complaint on three occasions. It was from the last amendment that an appeal was taken. In the opinion the court stated that "[i]t often becomes necessary *** to review the entire record to do justice between the parties in the cause." (398 Ill. 377, 382.) Nevertheless the court found it need only consider the facts alleged in the last amendment in holding that it stated a cause of action.

"It has always been the rule in this State that if a party wishes to have the action of the court in overruling his demurrer reviewed, he must abide by his demurrer. By pleading over, he waives his demurrer and the right to assign error upon the ruling." (*Cottrell v. Gerson* (1939), 371 Ill. 174, 179.) For the above-related reasons we adhere to this rule, and conclude that allegations in former complaints, not incorporated in the final amended complaint, are deemed waived. Accordingly, in the instant case, plaintiffs waived any objections to the trial court's ruling on the original complaint. We therefore need not address the issues of whether plaintiffs may recover damages for latent construction defects under the theories of implied warranty of habitability or breach of a fiduciary duty.

Plaintiffs further contend that the trial court improperly dismissed count III of the amended complaint. As previously noted, this count is based on a negligence theory, and essentially alleges that defendant failed to construct the buildings in a workmanlike manner. Recovery is sought for the diminished fair market value of the buildings, and for the costs of repair and replacement of the allegedly defective siding.

As defendant points out, it has recently been determined that a plaintiff cannot recover, in tort, for solely economic losses. (*Moorman Manufacturing Co. v. Na-*

*tional Tank Co.* (1982), 91 Ill. 2d 69.) In *Moorman*, this court defined economic loss "as 'damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits—without any claim of personal injury or damage to other property \*\*\*' (Note, *Economic Loss in Products Liability Jurisprudence*, 66 Colum. L. Rev. 917, 918 (1966)) as well as 'the diminution in the value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold.' (Comment, *Manufacturers' Liability to Remote Purchasers for 'Economic Loss' Damages-Tort or Contract?* 114 U. Pa. L. Rev. 539, 541 (1966).)" 91 Ill. 2d 69, 82.

On the authority of *Moorman*, this court has further held that latent construction defects, resulting in solely economic loss, are not recoverable under a negligence theory. (*Redarowicz v. Ohlendorf* (1982), 92 Ill. 2d 171.) In *Redarowicz*, the plaintiff, a subsequent purchaser of a single-family residence, brought suit against the defendant builder alleging, *inter alia*, that defendant was negligent in constructing the home. He sought recovery for the costs of repair or replacement of a defectively constructed chimney, wall and patio. In denying plaintiff relief as to the negligence counts, this court stated that "a disgruntled purchaser of a certain house cannot assert that, due to inferior workmanship that led to eventual deterioration, he can recover under a negligence theory in tort." 92 Ill. 2d 171, 177.

Similarly, in the instant case, plaintiffs seek recovery for faulty construction that resulted in eventual deterioration. There is no allegation that the installation of defective siding resulted in physical injury, or damage to other property. Nor was the damage to the defective product itself due to a "sudden and dangerous occurrence best served by the policy of tort law." (*Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill.

2d 69, 85.) Consequently, we hold that the losses alleged in count III of plaintiffs' amended complaint are solely economic and not recoverable under a negligence theory.

In so holding, we recognize that certain other jurisdictions allow recovery in tort for economic losses. The majority of States, however, do not. (See *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 87-88, and cases cited therein.) Although plaintiffs urge us to do so, we perceive no reason to reconsider our holdings in *Redarowicz* and *Moorman*.

For the above-stated reasons, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

JUSTICE SIMON, concurring in part and dissenting in part:

I concur in the majority's treatment of count III of the amended complaint, but I dissent from the majority's decision that the plaintiffs waived any right to appeal the trial court's dismissal of portions of the original complaint. The rules of waiver are based primarily on a theory of abandonment. As the majority notes, in many cases a party manifests an intention to abandon a claim by filing an amended pleading which makes no reference to a claim dismissed from an earlier pleading. (*Bowman v. County of Lake* (1963), 29 Ill. 2d 268, 272.) But pleading over is not a waiver when the plaintiffs have manifested a clear intention to continue reliance on their initial claim. *Field Surgical Associates, Ltd. v. Shadab* (1978), 59 Ill. App. 3d 991, 994.

After portions of the amended complaint were dismissed, the plaintiffs filed a motion to reconsider not only that order but the order striking portions of the original complaint as well. This motion, which expressly sought reinstatement of all counts of the original complaint and especially the implied-warranty-of-habitability claim by subsequent purchasers set out in count I and

the fiduciary-duties claim set out in count III, was more than sufficient to preserve these issues for appeal. The filing of a new amended complaint relying on these theories would have been a senseless formality in view of the trial court's recent dismissal of those counts in the original complaint. The motion for reconsideration sufficiently evidenced the plaintiffs' intention to maintain these claims, and I would allow them to assert these claims on appeal. When plaintiffs have manifested a clear intent to retain a valid claim, we should not allow procedural technicalities to bar or delay their assertion of that claim.

Because I believe that the plaintiffs did not waive their objections to the trial court's dismissal of count III and portions of count I in the original complaint, I must reach the merits of those objections. For the reasons stated in the appellate court's opinion (105 Ill. App. 3d 951), I would affirm the trial court's dismissal of the breach-of-fiduciary-duties claim contained in count III. However, the trial court erroneously dismissed the warranty-of-habitability claim by subsequent purchasers in count I. Under our decision in *Redarowicz v. Ohlendorf* (1982), 92 Ill. 2d 171, 183-85, the subsequent purchasers were entitled to bring this claim. Therefore, I would reverse the judgments of the trial court and the appellate court on this count and remand for trial.