BLOOMINGDALE STATE BANK, Plaintiff-Appellant, *v.* CAPITOL BANK OF CHICAGO, Defendant-Appellee.

Second District   No. 82—673

Opinion filed July 5, 1983.—Rehearing denied August 8, 1983.

Michael T. Nigro, of Nigro and Westfall, of Glendale Heights, for appellant.

Melbourne A. Noel, Jr., of Laser, Schostok, Kolman & Frank, of Chicago, for appellee.

JUSTICE VAN DEUSEN delivered the opinion of the court:

Plaintiff, Bloomingdale State Bank, has appealed the granting of defendant's section 45 motion (Ill. Rev. Stat. 1981, ch. 110, par. 45, now recodified as Ill. Rev. Stat. 1981, ch. 110, par. 2—615) to dismiss plaintiff's third amended complaint, which purported to state a cause of action based upon defendant's negligence. The trial court held that the third amended complaint was substantially insufficient in law as it did not state a duty of the defendant to exercise ordinary care to prevent damages to the premises in question for the benefit of the plaintiff.

Plaintiff raises two principal issues on appeal: first, whether an owner and possessor of a single-family residence owes a duty at common law to use reasonable care for the premises to the holder of a mortgage on the premises, the breach of which duty will support a cause of action for negligence; second, whether an owner and possessor of a single-family residence owes a duty at common law not to

permit permissive waste on the premises to the holder of a mortgage on the premises.

■■ The recent decision of our supreme court in *Foxcroft Townhome Owners Association v. Hoffman Rosner Corp.* (1983), 96 Ill. 2d 150, is dispositive of the second issue raised by appellant. The cause of action based upon the theory of permissive waste was originally raised in plaintiff's first and second complaints but was not restated or incorporated by reference in the third amended complaint. Allegations in former complaints, not incorporated in the final amended complaint, are deemed waived. (*Foxcroft Townhome Owners Association v. Hoffman Rosner Corp.* (1983), 96 Ill. 2d 150, 155.) We therefore do not reach the question of whether the mortgagee can state a cause of action for impairment of security by reason of permissive waste by the owner or possessor of property.

Regarding the first issue raised on appeal, we agree with the trial court that the third amended complaint was substantially insufficient at law to establish a duty owed defendant by plaintiff upon which to state a cause of action in negligence.

In its third amended complaint, plaintiff made the following allegations. Plaintiff held a second mortgage on the premises in question to secure a loan of $30,000, and a first mortgage was owned by Irving Federal Savings & Loan Association in the sum of $44,000. On or about August 27, 1977, defendant purchased the premises at a Uniform Commercial Code sale and, on or about September 1978, obtained possession of the premises which at that time were in reasonably good condition and had a mortgage value in excess of $100,000. On or about September 15, 1978, defendant took actual possession of the premises. Defendant, having taken steps to secure and care for the property, had a duty by common law to do so with reasonable care and prudence, and, in violation of the aforesaid duty, defendant failed to use reasonable care and prudence by deciding to keep the water well on and failing to turn on the heat when the seasons changed to winter. As a proximate result of the aforesaid negligence, the water pipes froze and burst, causing substantial damage to the premises and to the plaintiff's security which was impaired to the extent the premises were damaged as measured by the cost of repairing the premises. The cost of repair was $45,000.

Plaintiff also alleged that on September 1, 1978, the first mortgagee filed a mortgage foreclosure suit regarding the property, that on April 25, 1979, a decree of foreclosure was entered against defendant as owner and other defendants, that Irving Federal was granted a first lien in the sum of $49,967.25 and plaintiff a second lien in the

sum of $48,579, and because said sums were not paid the premises were sold at public sale on July 11, 1979, for the sum of $50,068. Plaintiff prayed for judgment in the sum of $45,000.

Defendant correctly observes that there is no direct Illinois authority that a mortgagee not in possession, as here, can recover from third parties who act negligently and damage the premises, even where the third person is the owner and possessor of the property. As plaintiff contends, our supreme court has long recognized that:

> " '*** It is axiomatic that every person owes a duty to all persons to exercise ordinary care to guard against any injury which may naturally flow as a reasonably probable and foreseeable consequence of his act, and the law is presumed to furnish a remedy for the redress of every wrong. This duty to exercise ordinary care to avoid injury to another does not depend upon contract, privity of interest or the proximity of relationship between the parties. It extends to remote and unknown persons. *Colbert v. Holland Furnace Co.* 333 Ill. 78; *Baird v. Shipman,* 132 id. 16.' " (*Wintersteen v. National Cooperage & Woodenware Co.* (1935), 361 Ill. 95, 103, cited in *Renslow v. Mennonite Hospital* (1977), 67 Ill. 2d 348, 364-65.)

The critical question in this matter is whether under the facts well pleaded in the third amended complaint the defendant owed the plaintiff any duty.

In a negligence action, a duty is an obligation imposed by law upon a person which requires that person to conform to a certain standard of conduct for the protection of another against unreasonable risk. (*Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 554; *Walsh v. A.D. Conner, Inc.* (1981), 99 Ill. App. 3d 427, 430.) A determination of the question of duty, whether the parties stood in such a relationship to one another that the law would impose upon one an obligation of reasonable conduct for the other's benefit, is an issue of law to be resolved by the court. (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 374.) The decision to impose a duty turns in part upon the probability or foreseeability that the defendant's negligent conduct will result in harm to the plaintiff, but also upon the desirability in terms of social policy for the extension of such a duty. *Renslow v. Mennonite Hospital* (1977), 67 Ill. 2d 348; *Walsh v. A.D. Conner, Inc.* (1981), 99 Ill. App. 3d 427, 430.

In the recent case of *Illinois Housing Development Authority v. Sjostrom & Sons, Inc.* (1982), 105 Ill. App. 3d 247, this court in a similar, if factually distinguishable, situation refused to establish a common law duty between a negligent contractor working on the prem-

ises and the mortgagee not in possession. In *Sjostrom*, we pointed out that it was reasonably foreseeable that negligent construction could injure the security interest of the mortgagee. Similarly, here it was reasonably foreseeable that the failure to turn off the water while failing to turn on the heat could result in damages to the premises and thus in turn damage the security interest of the mortgagee. Foreseeability, however, is not the only factor to be considered; public policy, social considerations and the burden to be placed on the defendant should also be considered. 105 Ill. App. 3d 247, 262.

In *Sjostrom*, we further pointed that the injury allegedly suffered by the mortgagee was simultaneously suffered by the mortgagor and that to allow both to sue on the same injury subjected the defendant to the possibility of being doubly liable for only one injury. Moreover, we stated that the allowance of a direct action in that case would give every holder of a security interest a right to bring a suit against one who negligently injured the secured property and would thus unduly multiply and complicate litigation. (105 Ill. App. 3d 247, 262.) We also noted that ordinarily a mortgagee had other rights and remedies that could be pursued to protect its security interests.

To recognize a cause of action here on behalf of the mortgagee for the negligence of the owner or possessor of the mortgaged premises is subject to the same vices noted in *Sjostrom*, a possible double recovery and an undue multiplication and complication of litigation. A plaintiff's cause of action in a matter such as this based upon negligence must necessarily arise if at all when the damage to his security interest occurs. (*West American Insurance Co. v. Sal E. Lobianco & Son Co.* (1977), 69 Ill. 2d 126, 130 (a cause of action for tort accrues when the injury occurs).) In this case, that would have occurred when the water pipes burst and the premises were damaged. At that time, the first mortgage holder would also have had a cause of action upon which he could have brought suit because his security interest was similarly and simultaneously damaged. The allegations contained in the third amended complaint concerning the foreclosure action and the resulting sale of the premises, including the payment of the first mortgage out of the proceeds of that sale, are not relevant to the determination of whether a cause of action for negligence exists and must be considered surplusage.

■■ ■ The recognition of a cause of action under the facts pleaded in this complaint would establish a precedent which could lead to multiplicative litigation. For example, a tenant, as a possessor of the property, would be subject to a negligence action for the same injury by the owner of the property as well as by all holders of security

interests. We conclude that the same policy considerations that caused us to deny the existence of a duty, essential for a negligence action, in *Sjostrom* apply to the present situation despite their factual dissimilarities.

The trial court's dismissal of the third amended complaint was proper and is affirmed.

Affirmed.

LINDBERG and REINHARD, JJ., concur.