(No. 91-CC-1747–)

KEMP DRAINAGE DISTRICT BY USER No. 1 IN BOWDRE TOWNSHIP,
IN DOUGLAS COUNTY, ILLINOIS, Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 6, 1992.*

CRAIG & CRAIG (ROBERT G. GRIERSON, of counsel),
for Claimant.

ROLAND W. BURRIS, Attorney General (THOMAS GRAY,
Assistant Attorney General, of counsel), for Respondent.

OPINION

SOMMER, J.

This cause came to be heard on a motion to dismiss filed by the Respondent. Oral argument was held before the Court on November 12, 1991.

In 1983, the Kemp Drainage District filed an application with the Illinois Department of Transportation requesting a permit to perform work in the channel and floodplain of Deer Creek, Douglas County. The Department denied the application on June 12, 1984. A

judicial review of the denial was had in the circuit court; the court held on April 1, 1985, that Deer Creek was not a navigable stream, and, therefore, was not under the jurisdiction of the Department of Transportation. There was an unsuccessful appeal in 1985 and other activity in the circuit court ending on December 19, 1988. This claim was filed on December 18, 1990.

The Claimant, Kemp Drainage District, pleads that the Department of Transportation wrongly and negligently required the District to apply for a permit causing the District to expend monies for engineering fees unnecessarily, and also, thereby, causing costly delays.

The Court of Claims has jurisdiction over claims for damages sounding in tort "if a like cause of action would lie against a private person or corporation in a civil suit." Ill. Rev. Stat., ch. 37, par. 439.8(d).

The Illinois Supreme Court has held that a plaintiff cannot recover in tort for solely economic loss. There must be a claim of personal injury or damage to property. *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill.2d 69; *Foxcroft Townhouse Owners v. Roffman Rosner Corp.* (1983), 96 Ill.2d 150.

It is our finding that the Claimant is seeking to recover for economic loss on a theory of negligence or tort. Thus, the Claimant is pleading a cause of action not within the jurisdiction of this Court. It is therefore ordered that the motion to dismiss of the Respondent is granted, and this claim is dismissed.