# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-3133

_____

American Family Mutual Insurance    *
Company,    *
   *   Appeal from the United States
        Plaintiff - Appellee,    *   District Court for the
   *   Western District of Missouri.
    v.    *
   *
Amy Elizabeth Van Gerpen,    *
   *
        Defendant - Appellant.    *

_____

Submitted: May 13, 1998
Filed: August 12, 1998

_____

Before BOWMAN, Chief Judge, and HEANEY and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.


Amy Elizabeth Van Gerpen (Van Gerpen) appeals from the district court's[1] grant of American Family Insurance Company's (American Family) motion for summary judgment in this diversity action. Van Gerpen argues that the homeowner's policy

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

Richard Mohr purchased from American Family provides liability coverage for claims arising out of Chase Van Gerpen's death. We affirm.

## I.

Richard Mohr owns a 35-acre parcel of land in Clay County, Missouri, outside the city limits of Kearney. On the parcel is a 30' x 40' metal building in which Mohr keeps a tractor, building materials, and various other items. Mohr uses the tractor exclusively to maintain the 35-acre property. The property is serviced by electrical utilities and has a gravel driveway. Mohr's intention is to one day build a residence on the property.

On January 5, 1996, Mohr invited several people to the property for a bonfire. A number of children were in attendance, and Mohr took the tractor out of the building and bladed down the snow to improve the sledding conditions. After blading the snow, Mohr gave several of the children a ride on the tractor. During the course of this ride, Van Gerpen's four-year-old son Chase was thrown from the tractor and killed. Van Gerpen sued Mohr, and the two eventually entered into a consent judgment for $300,000.

At issue in this case is a homeowner's insurance policy which Mohr purchased from American Family with respect to his residence, a rented duplex at 1412 Laurel in Kearney, Missouri. The policy included liability coverage for bodily injury including death "caused by an occurrence covered by this policy." (Jt. App. at 204). American Family filed an action in federal district court, seeking a declaratory judgment that the policy it had issued to Mohr provided no coverage for the accident that resulted in Chase Van Gerpen's death. The district court granted American Family's motion for summary judgment, holding that the plain meaning of the policy made clear that the 35-acre parcel was not an insured premises and that in any case the accident fell within the

policy's motor vehicle exclusion.  Van Gerpen appeals, alleging that the accident occurred on an insured premises and that the automobile exception was not applicable.[2]

## II.

As a general matter, we review grants of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and affirming only if there is no genuine issue as to any material fact, such that the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In the case at hand, the material facts are not in dispute, and the parties agree that Missouri law governs the contract.  Our inquiry is therefore limited to whether the district court properly applied Missouri law to the undisputed facts.

Under Missouri law, we must give terms in an insurance contract their plain meaning "unless it plainly appears that a technical meaning was intended."  Farmland Indus., Inc. v. Republic Ins. Co., 941 S.W.2d 505, 508 (Mo. 1997) (en banc).  To determine the plain, layman's meaning of a word, we look to standard English language dictionaries.  Id.  If a term in an insurance contract has no plain meaning but is "reasonably open to different constructions," the term is ambiguous, and we must construe it against the insurer.  American Motorists Ins. Co. v. Moore, No. 73871, 1998 WL 327853, at *3 (Mo. App. June 23, 1998) (internal quotations omitted). However, we may not create ambiguity "in order to distort the language of an unambiguous policy, or, in order to enforce a particular construction which [we] might feel is more

---

[2]Van Gerpen pressed two additional arguments in her opening brief.  However, Van Gerpen's counsel conceded at oral argument that Van Gerpen's case is "down to" the arguments discussed *supra* in text.  We do not address the additional arguments in Van Gerpen's brief except to hold that they are without merit.  See 8th Cir. Rule 47B.

appropriate." Rodriguez v. General Accident Ins. Co., 808 S.W.2d 379, 382 (Mo. 1991) (en banc).

The district court held against Van Gerpen in two key respects: It held that the property on which the accident occurred was not an insured premises, and it held that the accident was specifically excluded from coverage because it involved a motor vehicle. (Appellant's Adden. at 7-9). Each of these holdings was, by itself, sufficient to support the district court's entry of summary judgment for American Family. Accordingly, we reverse only if both of these holdings were erroneous.

The policy issued by American Family to Mohr contained the following exclusion regarding the policy's personal liability coverage:

> We will not cover bodily injury . . . arising out of the ownership, supervision, entrustment, maintenance, operation, use, loading or unloading of any type of motor vehicle, motorized land conveyance, or trailer, except:
>
> We will provide specific coverage on only the following types owned or operated by or rented or loaned to any insured:
>     (1) a motor vehicle or motorized land conveyance which is not subject to motor vehicle registration and is:
>         (a) used for the service of the insured residence;
>         (b) designed to assist the handicapped; or
>         (c) kept in dead storage on the insured premises.

(App. at 206).

Van Gerpen first argues that the tractor was "used for the service of the insured residence." Although "insured residence" is not defined by the policy, the term "residence" commonly refers to the place in which an individual resides, see Webster's New World Dictionary 1209 (2d College Ed. 1970), and it follows that the term

"insured residence" plainly refers to the place in which the insured resides. Van Gerpen does not contest the fact that the tractor has never been used to service Mohr's residence, which is located in Kearney, Missouri. Nor does Van Gerpen allege that Mohr ever resided on the land in Clay County on which the accident occurred. Rather, Van Gerpen relies on Mohr's use of the property for hunting and sledding, Mohr's storage of wood in the building, and Mohr's intent to one day build a house on the property. (Appellant's Br. at 37-38). Because we do not believe that any reasonable layman would understand the definition of "residence" to encompass parcels of land which are devoid both of residents and of residential structures, we disagree.

Alternatively, Van Gerpen argues that Mohr's tractor was in dead storage at the time of the accident. Again, we disagree. While "dead storage" is not defined in the contract or in standard dictionaries, common sense compels the conclusion that the tractor was not in "dead storage" at the time of the accident. Regardless of the precise connotations the term may convey, dead storage is clearly a type of storage, and the state of being in storage is inconsistent with the state of being in use. The "dead" in "dead storage" suggests, at the least, that the engine would not be running. Reasonable minds might differ as to whether dead storage requires disconnecting the battery, draining the radiator, emptying the gas tank, or placing the tractor up on blocks, but it is unreasonable to suggest that a tractor is in "dead storage" when the engine is operating, the wheels are turning, and several people are riding around on it.

In short, we hold that the tractor was neither in dead storage nor used for the service of Mohr's insured residence at the time of the accident. It follows that the accident involving the tractor was excluded from coverage under the plain language of Mohr's American Family policy. In light of this holding, we need not address whether the land on which the accident occurred constituted "vacant land" and thus was an insured premises or whether it rather constituted "farm land" and thus was not an insured premises.

III.

Accordingly, we affirm the district court's entry of summary judgment in favor of American Family.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.