No. 3-06-0504

Filed June 15, 2007.

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2007

| | | |
|---|---|---|
| WILLIE JOHNSON, | ) | Appeal from the Circuit Court |
| | ) | for the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois |
| | ) | |
| v. | ) | No. 03-MR-022 |
| | ) | |
| SAMMIE HARRIS, AND TRAVELERS | ) | Honorable Herman Haase |
| PROPERTY CASUALTY INSURANCE | ) | Judge, Presiding |
| COMPANY OF ILLINOIS, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff Willie Johnson was injured by an automobile that was kept on blocks in the garage of defendant Sammie Harris. This particular dispute involves whether the trial court erred in granting summary judgment to Harris's homeowner's insurance company, defendant Travelers Property Casualty Insurance Company of Illinois, finding it had no duty to defend or indemnify Harris with respect to the underlying injury suit filed by Johnson. We reverse the trial court.

FACTS

Plaintiff Willie Johnson filed a complaint against defendant Sammie Harris, alleging that while Johnson was a pedestrian in a garage, he had been injured by an automobile in the garage that was driven by Harris. Johnson alleged, in part, that Harris had operated the motor vehicle in a negligent manner in the confined space of the garage. Harris filed a declaratory judgment action

against his homeowner's insurance policy carrier, defendant Travelers Property Casualty Insurance Company of Illinois. Travelers had declined coverage under Harris's homeowner's policy, asserting the policy did not cover injuries arising out of the ownership, maintenance or use of a motor vehicle. Under "Exclusions," the policy issued by Travelers to Harris states, in part:

"Medical Payments to Others do not apply to bodily injury or property damage: ***

arising out of: (1) the ownership, maintenance, use, loading or unloading of motor

vehicles."

The policy further states, in part:

"This exclusion does not apply to *** (4) a vehicle or conveyance not subject to

motor vehicle registration which is: *** (c) in dead storage on an **insured location**."

(Emphasis in original).

In response to Harris's declaratory judgment action, Travelers filed an answer and countercomplaint, requesting the trial court find it had no duty to defend or indemnify Harris with respect to the underlying complaint filed by Johnson. Travelers also filed a motion for judgment on the pleadings (735 ILCS 5/2-615(e) (West 2002)), which the trial court stayed.

Johnson filed an amended complaint in the underlying action. Without incorporating the allegations of his first pleading, Johnson alleged in the amended complaint that Harris was the owner of an automobile that was purchased at least five years before the occurrence, and that the automobile had been towed on a flatbed to Harris's garage where it remained in "dead storage." Johnson further alleged he was injured while standing in the garage when Harris, among other "careless and negligent acts or omissions":

"Improperly used the garage to attempt repair on the automobile and test repairs on

2

said automobiles [sic] without ensuring that the garage was safe for such activities, *** [p]laced the vehicle on blocks which failed to secure the vehicle in dead storage, [f]ailed to provide a mechanical lift for the dead storage of the vehicle so that it would remain stationary, [and] [f]ailed to properly secure the vehicle in dead storage."

Johnson alleged he was injured when he was struck by the vehicle. Harris filed an amended declaratory judgment complaint and Travelers amended its answer and countercomplaint. Travelers also filed a motion for summary judgment. The trial court granted Travelers' summary judgment motion and Harris follows with this appeal.

ANALYSIS

The issue on appeal is whether the trial court erred in granting Travelers' summary judgment, in effect finding no genuine issue of material fact with respect to whether the automobile that injured Johnson was at the time of the occurrence in "dead storage." When ruling on a motion for summary judgment, we construe all evidence in a light most favorable to the nonmoving party. Connecticut Specialty Insurance Co. v. Loop Paper Recycling, Inc., 356 Ill. App. 3d 67, 72, 824 N.E.2d 1125, 1130 (2005). "Summary judgment is appropriate when the pleadings, depositions, admissions and affidavits reveal there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Connecticut Specialty, 356 Ill. App. 3d at 71-72, 824 N.E.2d at 1129. We review a trial court's summary judgment ruling *de novo.* Connecticut Specialty, 356 Ill. App. 3d at 72, 824 N.E.2d at 1130.

"In determining whether an insurer owes a duty to an insured to defend an action brought against [the] insured, the court must consider only the allegations in the underlying complaint and

3

the relevant policy provisions." Connecticut Specialty, 356 Ill. App. 3d at 72, 824 N.E.2d at 1130. "If [a] court determines the allegations of the underlying complaint fall within, or potentially within, coverage under the policy, the insurer has a duty to defend the insured against the complaint." Connecticut Specialty, 356 Ill. App. 3d at 72, 824 N.E.2d at 1130. Insurance policies are to be liberally construed in favor of coverage, and the insurer bears the burden of establishing that a claim falls within a provision that limits or excludes coverage. Connecticut Specialty, 356 Ill. App. 3d at 72, 824 N.E.2d at 1130.

This court has previously construed the meaning of the term "dead storage" as it applies to insurance policies. Standard Mutual Insurance Co. v. Marx, 367 Ill. App. 3d 512, 854 N.E.2d 710 (2006). In Marx, the insured stored four motorcycles in two storage facilities. Marx, 367 Ill. App. 3d at 513, 854 N.E.2d at 712. Marx occasionally operated the three unlicensed motorcycles in the parking lot of the facility. Marx, 367 Ill. App. 3d at 513, 854 N.E.2d at 712. On the date of the occurrence, Marx attempted to start one of the three vehicles-he had last ridden it a month earlier-by using the foot pedal to prime the cycle and pushing the electric start button. Marx, 367 Ill. App. 3d at 513, 854 N.E.2d at 712. There was an explosion; Marx was thrown from the motorcycle and a fire erupted, causing damage to Marx's belongings and the storage facility. Marx, 367 Ill. App. 3d at 513, 854 N.E.2d at 712.

In a ruling upholding the trial court's grant of summary judgment to the insurer, this court found there was no ambiguity in the term "dead storage" as applied to the facts at hand in Marx. Marx, 367 Ill. App. 3d at 516, 854 N.E.2d at 714. We concluded a vehicle periodically driven by its owner, even briefly on private property, is not in dead storage, and an accident caused by an attempt to start that vehicle is not the type of risk contemplated by the parties to a homeowner's

4

policy. <u>Marx</u>, 367 Ill. App. 3d at 516, 854 N.E.2d at 714. In so finding, this court recognized that "'[t]he "dead" in "dead storage" suggests, at the least, that the engine would not be running.'" <u>Marx</u>, 367 Ill. App. 3d at 515, 854 N.E.2d at 714, quoting <u>American Family Mutual Insurance Co. v. Van Gerpen</u>, 151 F.3d 886, 888 (8thCir.1998). We also stated our agreement with the <u>North Star Mutual Insurance Co. v. Carlson</u> court that the distinction between homeowners' and automobile insurance policies recognizes that motor vehicles are inherently dangerous instrumentalities-one of the inherently dangerous aspects of a motor vehicle is its use of highly volatile materials (gasoline) around ignition sources (spark plugs)-and homeowners' policies generally do not contemplate coverage of injuries when the vehicle is maintained or used in one of its inherently dangerous capacities. <u>Marx</u>, 367 Ill. App. 3d at 515, 854 N.E.2d at 713-14, referring to <u>North Star Mutual Insurance Co. v. Carlson</u>, 442 N.W.2d 848, 855 (Minn. App. 1989).

In the instant case, it is undisputed that under the relevant provisions of the homeowner's policy issued to Harris by Travelers, coverage is not provided for injuries caused by the ownership, maintenance, use, loading or unloading of motor vehicles. It is also undisputed that this exclusion does not apply to a vehicle not subject to motor vehicle registration which is in dead storage. We agree with Harris that the exclusion to the exclusion provides for the "maintenance" of vehicles that are in dead storage. To determine whether summary judgment was appropriate, we consider the policy provisions in light of the allegations in the underlying second amended complaint.[1] In the second amended complaint, Johnson alleged, in relevant part, that the automobile that was the instrumentality of his injury had been towed on a flatbed to Harris's garage where for five years it

---

[1] Where a party files an amended pleading that does not refer to or adopt the prior pleading, the earlier pleading ceases to be a part of the record. <u>Pappas v. Pella Corp</u>. 363 Ill. App. 3d 795, 800, 844 N.E.2d 995, 1000 (2006).

remained situated on stationary blocks. Johnson further alleged he was injured when Harris improperly used the garage to attempt repair and test repairs on the automobile.

In his second amended complaint, Johnson did not allege Harris started or drove the vehicle. Thus, after considering in a light most favorable to the nonmoving party the allegations in the underlying complaint and the relevant provisions of the insurance policy, we are unable to conclude Harris was using the automobile, which had been stored on blocks for five years in his garage, in one of the inherently dangerous capacities that would preclude coverage under the homeowner's policy for any resultant injury. If, for instance, Harris was performing paint or body repairs on the vehicle or changing a bulb in a headlamp, and the vehicle slipped off the storage blocks, the vehicle could be considered to have been in dead storage at the time of the maintenance.

Moreover, although Travelers insists the automobile at issue was subject to motor vehicle registration, further removing it from the dead storage exception to the automobile exclusion, we find this argument unavailing. Under section 3-401 of the Illinois Vehicle Code (the Code), it is unlawful to drive or move upon any highway any vehicle which is not registered. 625 ILCS 5/3-401 (West 2004). Therefore, under the Code, Harris's automobile was not necessarily subject to registration; the automobile was not being driven or moved upon the highway; it was on stationary blocks in the garage. For these reasons, we believe there is a genuine issue of material fact with respect to whether the automobile in Harris's garage was in dead storage at the time of Johnson's alleged injury. The trial court erred in granting Travelers' motion for summary judgment and its ruling is reversed.

For the foregoing reasons, the judgment of the circuit court of Will County is reversed.

Reversed.

6

CARTER, J., concurs.

JUSTICE SCHMIDT, dissenting:

Sammie Harris's vehicle was not in dead storage and, therefore, I dissent from the majority's opinion to the contrary. In *Standard Mutual Insurance Co. v. Marx*, this court stated that the term "dead storage" was neither ambiguous nor susceptible to more than one reasonable meaning given the factual context of that case. *Standard Mutual Insurance Co. v. Marx*, 367 Ill. App. 3d at 516. The court noted that a vehicle which spontaneously combusts while stored in a storage facility may "very well have been considered to be in dead storage. The same cannot be said for a vehicle that is being started." *Marx*, 367 Ill. App. 3d at 515. "'The "dead" in "dead storage" suggests, at the least, that the engine would not be running.'" *Marx*, 367 Ill. App. 3d at 515, quoting *American Family Mutual Insurance Co. v. Van Gerpen*, 151 F. 3d 886, 888 (8th Cir. 1998).

The majority holds that the give-back provision to the automobile exclusion in this matter "provides for the 'maintenance' of the vehicles that are in dead storage." Slip op. at 5. I disagree. Such a holding not only ignores the policy language at issue at this case, but also ignores the reasoning set forth in *Marx*. *Marx* acknowledged that the reason homeowners' policies seek to exclude liability associated with automobiles centers around the unique and dangerous nature of all things associated with motor vehicles (such as the combustible fluids needed to operate them). *Marx*, 367 Ill. App. 3d at 515. Any motor vehicle that is being worked on, repaired, or tested is not a "dead" vehicle. Vehicles that are being repaired or tested are not in dead storage.

Moreover, in the case at bar, the plaintiff has pled not once, not twice, but more than 10 times that the vehicle which struck him was not only running at the time, but that it was being

7

driven.  The plaintiff's original injury complaint stated:

"***SAMMIE HARRIS[] was the driver of an automobile ***.

***

*** [T]he vehicle driven by Defendant ***.

***

*** [D]uty of Defendant *** to operate his motor vehicle in such a manner *** he drove his motor vehicle in a careless and negligent manner. *** [He] collided with the person of Plaintiff.

*** SAMMIE HARRIS[] operated his motor vehicle in a careless and negligent manner and ***

    a.  Drove his vehicle at a speed which was greater than reasonable and proper ***;

    b.  Drove his vehicle without brakes adequate to control its movement and to stop ***;

    c.  Failed to sound the horn on said vehicle to give warning to a pedestrian ***;

    d.  Failed to avoid colliding with a pedestrian ***;

e.  Failed to stop his vehicle in time to

avoid a collision with a pedestrian

***; [and]

f.  Negligently operated his vehicle in the

confined space of the garage ***."

Citing *Pappas v. Pella Corp.*, 363 Ill. App. 3d 795, 844 N.E.2d 995 (2006), the majority chooses to ignore these allegations, claiming they "cease[] to be a part of the record."  Slip op. at 5.  The *Pappas* court did not accurately quote our supreme court when setting forth that proposition of law.  The *Pappas* court stated: "Where a party files an amended pleading that does not refer to or adopt the prior pleadings, the earlier pleadings cease to be a part of the record. *Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150, 153-54, 449 N.E.2d 125 (1983)."  *Pappas*, 363 Ill. App. 3d at 801.

That is a very loose and liberal construction of what our supreme court actually said in *Foxcroft*.  The *Foxcroft* court stated: "'Where an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be a part of the record *for most purposes*, being in effect abandoned and withdrawn.'"  (Emphasis added.)  *Foxcroft*, 96 Ill. 2d at 154, quoting *Bowman v. County of Lake*, 29 Ill. 2d 268, 272, 193 N.E.2d 833 (1963).

In *Foxcroft*, the original complaint filed by the plaintiff was dismissed and two of the legal theories upon which that complaint was based were not pled in the plaintiff's amended complaint.  *Foxcroft*, 96 Ill. 2d at 153.  When addressing the issue of whether the plaintiffs may appeal issues arising from the original complaint, the *Foxcroft* court stated as follows:

"Plaintiffs cite three appellate court

9

cases for the proposition that the original complaint may nevertheless be considered on review because they did not manifest an intent to abandon the original counts. [Citations]. However, this court and a majority of the appellate court cases have adhered to the well-established principle that a party who files an amended pleading waives any objection to the trial court's ruling on the former complaints. [Citations.] 'Where an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be part of the record for most purposes, being in effect abandoned and withdrawn.'

      ***

   ***Defendants would be disadvantaged by a rule which would, in effect, permit a plaintiff to proceed to trial on different issues contained in separate complaints.***

   ***

   ***[W]e *** conclude that allegations and

former complaints, not incorporated in the

final amended complaint, are deemed waived."

*Foxcroft*, 96 Ill. 2d at 153-55.

*Foxcroft* and its progeny do not stand for the proposition that an original pleading ceases to exist once it has been amended and cannot ever be considered again. It has long been held that admissions of a party in an unverified original pleading can be used as evidentiary admissions in certain circumstances. *City National Bank & Trust Co. of Chicago v. Oberheide Coal Co.*, 307 Ill. App. 519, 30 N.E.2d 753 (1940); *Robins v. Lasky*, 123 Ill. App. 3d 194, 462 N.E.2d 774 (1984). Certainly, the fact that Johnson pled numerous times that Harris was driving the vehicle when it hit him can be considered when determining whether the vehicle was in dead storage. *Marx* makes it clear that "a vehicle that is being started" cannot be said to be in dead storage. *Marx*, 367 Ill. App. 3d at 515.

Even if we were only to consider Johnson's final complaint in the personal injury action, it is clear that Harris's vehicle was not in dead storage. Johnson's second amended complaint in the personal injury action alleges that Harris "improperly used the garage to attempt repairs on the automobile and test repairs on said automobile." Johnson originally said the vehicle was being driven at the time of the accident and, faced with the declaratory judgment action, amended his complaint removing any allegations of negligent vehicle operation and then alleging that repairs to the vehicle were being "tested" when the loss occurred. Clearly, a vehicle being driven, repaired, <u>or</u> tested to determine the effectiveness of repairs is not a "dead" vehicle. Therefore, the dead storage give-back provision in the exclusion does not apply. I would affirm.

11