JUSTICE SCHMIDT, dissenting: Sammie Harris’s vehicle was not in dead storage and, therefore, I dissent from the majority’s opinion to the contrary. In Standard Mutual Insurance Co. v. Marx, this court stated that the term “dead storage” was neither ambiguous nor susceptible to more than one reasonable meaning given the factual context of that case. Standard Mutual Insurance Co. v. Marx, 367 Ill. App. 3d at 516. The court noted that a vehicle which spontaneously combusts while stored in a storage facility may “very well have been considered to be in dead storage. The same cannot be said for a vehicle that is being started.” Marx, 367 Ill. App. 3d at 515. “ ‘The “dead” in “dead storage” suggests, at the least, that the engine would not be running.’ ” Marx, 367 Ill. App. 3d at 515, quoting American Family Mutual Insurance Co. v. Van Gerpen, 151 F.3d 886, 888 (8th Cir. 1998). The majority holds that the give-back provision to the automobile exclusion in this matter “provides for the ‘maintenance’ of vehicles that are in dead storage.” 374 Ill. App. 3d at 477. I disagree. Such a holding not only ignores the policy language at issue at this case, but also ignores the reasoning set forth in Marx. Marx acknowledged that the reason homeowners’ policies seek to exclude liability associated with automobiles centers around the unique and dangerous nature of all things associated with motor vehicles (such as the combustible fluids needed to operate them). Marx, 367 Ill. App. 3d at 515. Any motor vehicle that is being worked on, repaired, or tested is not a “dead” vehicle. Vehicles that are being repaired or tested are not in dead storage. Moreover, in the case at bar, the plaintiff has pled not once, not twice, but more than 10 times that the vehicle which struck him was not only running at the time, but that it was being driven. The plaintiffs original injury complaint stated: “SAMMIE HARRIS[ ] was the driver of an automobile ***. *** [T]he vehicle driven by Defendant ***. *** [D]uty of Defendant *** to operate his motor vehicle in such a manner *** he drove his motor vehicle in a careless and negligent manner. *** [He] collided with the person of Plaintiff. *** SAMMIE HARRIS[ ] operated his motor vehicle in a careless and negligent manner and *** a. Drove his vehicle at a speed which was greater than reasonable and proper ***; b. Drove his vehicle without brakes adequate to control its movement and to stop ***; c. Failed to sound the horn on said vehicle to give warning to a pedestrian ***; d. Failed to avoid colliding with a pedestrian ***; e. Failed to stop his vehicle in time to avoid a collision with a pedestrian ***; [and] f. Negligently operated his vehicle in the confined space of the garage ***.” Citing Pappas v. Pella Corp., 363 Ill. App. 3d 795, 844 N.E.2d 995 (2006), the majority chooses to ignore these allegations, claiming they “cease[ ] to be a part of the record.” 374 Ill. App. 3d at 477 n.1. The Pappas court did not accurately quote our supreme court when setting forth that proposition of law. The Pappas court stated: “Where a party files an amended pleading that does not refer to or adopt the prior pleadings, the earlier pleadings cease to be a part of the record. Foxcroft Townhome Owners Ass’n v. Hoffman Rosner Corp., 96 Ill. 2d 150, 153-54, 449 N.E.2d 125 (1983).” Pappas, 363 Ill. App. 3d at 801. That is a very loose and liberal construction of what our supreme court actually said in Foxcroft. The Foxcroft court stated: “ ‘Where an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be a part of the record for most purposes, being in effect abandoned and withdrawn.’ ” (Emphasis added.) Foxcroft, 96 Ill. 2d at 154, quoting Bowman v. County of Lake, 29 Ill. 2d 268, 272, 193 N.E.2d 833 (1963). In Foxcroft, the original complaint filed by the plaintiff was dismissed and two of the legal theories upon which that complaint was based were not pled in the plaintiffs amended complaint. Foxcroft, 96 Ill. 2d at 153. When addressing the issue of whether the plaintiffs may appeal issues arising from the original complaint, the Foxcroft court stated as follows: “Plaintiffs cite three appellate court cases for the proposition that the original complaint may nevertheless be considered on review because they did not manifest an intent to abandon the original counts. [Citations]. However, this court and a majority of the appellate court cases have adhered to the well-established principle that a party who files an amended pleading waives any objection to the trial court’s ruling on the former complaints. [Citations.] ‘Where an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be part of the record for most purposes, being in effect abandoned and withdrawn.’ [Citation.] *** Defendants would be disadvantaged by a rule which would, in effect, permit a plaintiff to proceed to trial on different issues contained in separate complaints.*** *** [W]e *** conclude that allegations and former complaints, not incorporated in the final amended complaint, are deemed waived.” Foxcroft, 96 Ill. 2d at 153-55. Foxcroft and its progeny do not stand for the proposition that an original pleading ceases to exist once it has been amended and cannot ever be considered again. It has long been held that admissions of a party in an unverified original pleading can be used as evidentiary admissions in certain circumstances. City National Bank & Trust Co. of Chicago v. Oberheide Coal Co., 307 Ill. App. 519, 30 N.E.2d 753 (1940); Robins v. Lasky, 123 Ill. App. 3d 194, 462 N.E.2d 774 (1984). Certainly, the fact that Johnson pled numerous times that Harris was driving the vehicle when it hit him can be considered when determining whether the vehicle was in dead storage. Marx makes it clear that “a vehicle that is being started” cannot be said to be in dead storage. Marx, 367 Ill. App. 3d at 515. Even if we were only to consider Johnson’s final complaint in the personal injury action, it is clear that Harris’s vehicle was not in dead storage. Johnson’s second amended complaint in the personal injury action alleges that Harris “improperly used the garage to attempt repairs on the automobile and test repairs on said automobile.” Johnson originally said the vehicle was being driven at the time of the accident and, faced with the declaratory judgment action, amended his complaint removing any allegations of negligent vehicle operation and then alleging that repairs to the vehicle were being “tested” when the loss occurred. Clearly, a vehicle being driven, repaired, or tested to determine the effectiveness of repairs is not a “dead” vehicle. Therefore, the dead storage give-back provision in the exclusion does not apply. I would affirm.