(No. 21273.—

CLAYTON F. SMITH, Registrar of Titles, Appellee, *vs.* THE LINCOLN-CATALPA BUILDING CORPORATION *et al.* Appellants.

*Opinion filed June 24, 1932—Rehearing denied October 11, 1932.*

DeYoung, Dunn and Orr, JJ., dissenting.

Otto G. Ryden, for appellants.

John A. Swanson, State's Attorney, John E. Pedderson, and Thomas J. Matousek, (John B. Skinner, of counsel,) for appellee.

Mr. Justice Duncan delivered the opinion of the court:

Appellee, Clayton F. Smith, registrar of titles of Cook county, filed on June 8, 1931, a verified petition in the circuit court of Cook county asking for authority to enter upon certificates of title for certain real estate in that county memorials of two trust deeds which it was alleged had been erroneously and inadvertently omitted from said certificates of title. One of the certificates of title had been issued to appellant the Lincoln-Catalpa Building Corporation, the owner of the real estate, and another to appellant

Olaf A. Johnson, the grantor in the deed of the real estate to the corporation. Those appellants and appellant Elmer J. Lavine, who had also owned the property after it had been registered, and Evin L. Huffman and Esther M. Huffman, were made parties defendant to the petition. The three appellants demurred to the petition and their demurrers were overruled, and they then filed separate answers to the petition. On motion of appellee an order of default was entered against appellants because their answers were not under oath, and a decree *pro confesso* was entered in accordance with the prayer of the petition. This appeal is from that decree.

The property for which the certificates of title to appellants Olaf A. Johnson and the Lincoln-Catalpa Building Corporation were issued, was, with other real estate, first registered under the Torrens act on the application of Fred W. Brummel and others by decree of the circuit court on July 18, 1923. The real estate registered under that decree included lots 23 and 24 in block 2 in Fred W. Brummel & Co.'s Lincoln-Bryn Mawr Western subdivision, in the city of Chicago. The petition of appellee was entitled and filed not as an original petition or bill in equity but as a petition under the Torrens act in the proceedings for the registration of the title to said real estate, and the allegations of the petition are, after an allegation of the initial registration, in substance the following: By sundry *mesne* conveyances and transfers of title the title to lots 23 and 24 passed to Elmer J. Lavine and Ellen M. Lavine as joint tenants and was registered in their names. They conveyed the lots to John Turnquist, a bachelor, and a certificate of title was issued to him. He conveyed the lots to John S. Johnson, to whom a certificate of title therefor was issued. While Johnson held title to the lots, he on October 15, 1928, executed a trust deed thereon to Louis D. Glanz to secure the payment of notes for $35,000, and that trust deed was registered as document No. 430604. John

son and his wife conveyed the lots to Evin L. Huffman and Esther M. Huffman, his wife, as joint tenants, and a certificate of title was issued to them. They on November 14, 1929, executed to the Chicago Title and Trust Company a second trust deed on the lots to secure the payment of $3000, which trust deed was filed in the office of the registrar of titles as document No. 486548. Subsequently the Huffmans conveyed a part of the lots to the city of Chicago for a consideration of $5526, and the two trust deeds on the lots were released as to the part conveyed to the city of Chicago but were not released as to the part not conveyed to the city. A certificate of title was issued to the city of Chicago for the portion of the lots conveyed to the city, and certificate of title No. 259076 was issued to the Huffmans, as joint tenants, for the lots, except the part conveyed to the city. On January 31, 1931, the Huffmans conveyed the property so registered in their names to Olaf A. Johnson and certificate of title No. 261632 was issued to him. On February 13, 1931, Johnson, a widower, conveyed the property so registered in his name to the Lincoln-Catalpa Building Corporation and certificate of title No. 266142 was issued to the corporation. Through an error and inadvertence the trust deeds, documents Nos. 430604 and 486548, after being released as to the part of the lots conveyed to the city of Chicago, were not carried forward as memorials on the certificates of title Nos. 259076, 261632 and 266142, issued to the Huffmans, Olaf A. Johnson and the Lincoln-Catalpa Building Corporation, respectively. It was further alleged in the petition, on information and belief, that from the time the certificate of title to the lots was issued to Elmer J. Lavine and Ellen M. Lavine to the present time, Lavine "has been, and now is, the actual equitable owner of, or largely interested in, the premises described in said certificates of title;" that John S. Johnson is a cousin, Evin L. Huffman is a brother-in-law and Olaf A. Johnson is the father-in-law of Lavine, and that they, and each of

them, held title to the premises for appellants; that Olaf A. Johnson is the owner of 498 of the 500 shares of the capital stock of the Lincoln-Catalpa Building Corporation and said shares are held for and are the property of Lavine, and that no consideration was paid by the holders of the other two shares of stock of the corporation for said shares.

Other allegations in the petition were, in substance, the following: In all of the conveyances and transfers of title to the premises above mentioned, Elmer J. Lavine represented all of the title holders. He delivered the deed to part of the lots to the city of Chicago and to George Keefe for the board of local improvements of said city, delivered to the owners duplicate certificates of title issued to the Huffmans and exhibited a power of attorney from the Huffmans to himself and received the check for $5526 payable to the Huffmans, which was issued in payment for part of the lots conveyed to the city. Lavine, as attorney for the Huffmans, indorsed the check to the holder of the notes secured by the trust deed to Glanz on the lots and received one of the notes secured by the trust deed and used the balance due on the check "to pay accrued interest, taxes then due, insurance premiums and a small portion on a junior encumbrance." Lavine has at all times had in his possession the various owners' duplicate certificates of title to the real estate. Before the registration of the deed from the Huffmans to Olaf A. Johnson, Lavine mailed the deed and the owner's duplicate certificate of title issued to the Huffmans to an attorney, with a request that he register the deed. When the certificate of title to Johnson had been made out, the attorney met Lavine and advised him that the certificate would not be delivered until the signature card of Johnson was prepared and delivered to the registrar. Within thirty minutes thereafter Lavine delivered to the attorney the signature card of Johnson, which was subscribed and sworn to before a notary public of Cook county on February 13, 1931, and the attorney then

called for and obtained the certificate of title to Johnson. By deed dated February 13, 1931, Johnson conveyed the property to the appellant corporation, and the deed purports to have been acknowledged by Johnson before a notary public of Price county, Wisconsin, on February 13, 1931, the same date the signature card was sworn to by Johnson in Cook county, Illinois. From the time of the filing of the trust deeds on the lots to Glanz and to the Chicago Title and Trust Company, Lavine has had full knowledge of their existence as liens on the real estate, and has also had full knowledge of the fact that the release of the trust deeds as to the part of the lots conveyed to the city of Chicago did not affect the lien of the trust deeds as to the balance of the lots. The Lincoln-Catalpa Building Corporation is bound by the notice of Lavine, who is its agent, of the existence of the lien of the trust deed on the part of the lots owned by it. The prayer of the petition was that appellee might be authorized and ordered to restore to certificates of title Nos. 259076, 261632 and 266142 memorials of the trust deeds issued to the Huffmans, Olaf A. Johnson and the Lincoln-Catalpa Building Corporation, respectively.

Each of the three appellants filed a general and special demurrer to the petition. The petition was dismissed as to Evin L. and Esther M. Huffman, who were therein named as defendants. Appellants' demurrers were overruled and they were given fifteen days in which to plead to or answer the petition. On November 10, 1931, appellants filed separate unsworn answers to the petition. On November 16, 1931, appellee filed a motion that an order of default be entered against appellants for failure to file answers to the petition under oath and that a decree *pro confesso* be entered in accordance with the prayer of the petition. On the same day appellants filed motions that appellee's petition be dismissed because it was filed without leave of court, that the summons issued on the petition be quashed because is-

sued without an order of court, and, if those motions should be denied, that leave be given to appellants to amend their answers by swearing to them or to file amended sworn answers to the petition. Appellants' motions were denied, the motion of appellee was granted, order of default was entered against appellants, and, without hearing any evidence, the court entered a decree in accordance with the prayer of appellee's petition.

The contentions of appellants are that the court should have stricken the petition from the files because there is no provision of the Torrens act for the filing of such petition by the registrar of titles; that the court erred in holding that it was necessary for appellants to file a sworn answer or answers; that the court erred in entering a decree without requiring proof of the allegations of the petition, and that leave should have been granted appellants to file answers under oath.

Section 45 of the Torrens act provides: "Whenever a memorial or notation has been entered as permitted by this act, the registrar shall carry the same forward upon all certificates of title until the same is canceled in some manner authorized by this act." It therefore appears that under the facts as stated in the petition it was the duty of appellee to enter memorials of the two trust deeds registered as documents No. 430604 and No. 486548 upon the certificates of title Nos. 259076, 261632 and 266142 on the dates they were issued to the Huffmans, Olaf A. Johnson and the Lincoln-Catalpa Building Corporation. Since the certificate of title No. 259076 issued to the Huffmans contained no memorials of the trust deeds, memorials of the trust deeds could not be entered upon the certificates of title thereafter issued to Johnson and the appellant corporation if they bought the property in good faith for a valuable consideration without notice of the existence of the two trust deeds as liens, as is claimed by all three appellants in their separate answers to the petition of appellee. Appellants

were therefore entitled to a hearing before entry of the memorials of the trust deeds on the certificates on filing properly verified answers to the petition. There is no provision of the Torrens act which specifically authorizes or provides for proceedings for the entry on certificates of title of memorials omitted by error or inadvertence from such certificates, upon the petition of the registrar of titles. Section 93 of the act provides: "Whenever any person interested in registered land, or any estate or interest therein, or charge upon the same, shall be entitled to have any certificate of title, memorial or other entry upon the register canceled, removed or modified, and the registrar or person whose duty it shall be to cancel, remove or modify the same, shall upon request, fail or refuse to do so, * * * the circuit court of the county where the land is registered, may, upon petition by the person interested, make such order as may be according to equity in the premises." Section 94 provides, in substance, that any person feeling himself aggrieved by the action of the registrar or his refusal to act in the filing of, or neglect or refusal to file, any instrument, or to enter or cancel any memorial or notation, may file his petition in the circuit court in the proceeding in which the land was registered, making the registrar and other persons whose interests may be affected parties defendant, and the court may proceed therein and make such order or decree as shall be according to equity.

A consideration of the sections of the statute above mentioned, and other provisions of the act, leads to the conclusion that it was the intention of the legislature to give the court in which the decree for the initial registration of land is entered, jurisdiction to determine and settle all questions thereafter arising concerning the duties of the registrar under the act to register documents concerning the title to the land and to enter or cancel memorials or notations affecting such title, and for those purposes to entertain and consider petitions filed by any person interested. While

no specific provision of the act gives the right to the registrar to file a petition for a decree giving him authority to enter on a certificate of title a memorial or notation omitted therefrom by error or inadvertence, such registrar, by reason of his official position and the bond required to be filed by him, has such an interest as gives him the right to institute proceedings for the correction of such error. It is our opinion that the court in which the decree for the initial registration of the land was entered in this case has jurisdiction, on petition filed for that purpose by the registrar, to determine whether or not the omitted memorials should be entered on the certificates of title and to enter such order as the equity of the case requires. The court did not err in refusing to strike the petition of appellee from the files on motion of appellants.

There is no provision of the Torrens act requiring answers to petitions filed under the act to be verified, except the provisions of sections 22 and 26 of the act which relate to answers to applications for the registration of title. The proceeding under the Torrens act for the registration of title to land is a chancery proceeding, and, except as otherwise provided by statute, is governed by the rules of chancery practice. (*Donnelly* v. *Dumanowski,* 329 Ill. 482; *Wyman* v. *Hageman,* 318 id. 64.) Proceedings under the act subsequent to the initial registration of title to land are also chancery proceedings, and are also governed by the rules relating to chancery practice unless the statute provides otherwise. The petition filed by appellee was verified by affidavit and did not waive answer under oath. The court in its order granting appellants fifteen days' time in which to answer the petition did not specify that answers under oath should be filed, but under the general rules of chancery practice and the provisions of the Chancery act the answer or answers to the petition should have been made under oath. At the same time that appellee filed his motion for an order of default against appellants for want of an

answer under oath, appellants by their motion asked for leave to amend their answers by swearing to them or for leave to file amended verified answers. While the allowance of amendments of pleadings in a chancery case is largely a matter within the discretion of the chancellor, such discretion is a judicial discretion, which is subject to review and one which should be exercised liberally in favor of the allowance of amendments whenever essential to the proper presentation of a litigant's cause of action or defense. The application of appellants for leave to amend· their answers by swearing to them or for leave to file verified answers was made in apt time and should have been allowed. We hold that the chancellor committed reversible error in denying such leave, as appellants made offers in apt time to file sworn answers stating meritorious defenses to appellee's petition.

The decree of the circuit court is reversed and the cause is remanded, with directions to allow appellants to file any sworn answer or answers that shall state a good defense to appellee's petition.

*Reversed and remanded, with directions.*

Mr. JUSTICE DeYOUNG, dissenting:

The opinion of the court concludes with the statement that, because the appellants made offers in apt time to file sworn answers stating meritorious defenses to the petition of the appellee, the chancellor committed reversible error in denying leave to file such answers. The record, however, does not sustain the assumptions of fact from which the foregoing conclusion is derived. The appellants, as the court holds, were required to file verified answers to the appellee's petition. The answers they filed were not only not under oath, but with respect to the controlling question, whether they were innocent purchasers of the property for value and without notice of the incumbrances which the appellee sought to have noted upon the certificates of

title, not a single fact was averred. The unsworn answers, so far as that question is concerned, were evasive and contained nothing more than mere conclusions. The appellants, it is conceded, were in default and the appellee was entitled to an order to that effect. When application for such an order was made, the appellants presented counter motions that the petition be stricken because it was filed without leave and that service of the summons be quashed and the summons stricken because it was issued without an order of court, and, in case these motions should be denied, that the appellants be given leave either to amend the answers on file by adding their oaths or to file their sworn answers within a time to be fixed by the court.

The proposed verification of the unsworn answers, which were wanting in essential averments, obviously would not present a meritorious defense to the petition of the appellee. The alternative suggested by the appellants, that they be given leave to file sworn answers within a time to be fixed by the court likewise omitted the presentation of a meritorious defense and offered nothing for the court's consideration in opposition to the motion of the appellee. The appellants were in default and to prevent the entry of an order taking the petition as confessed by them, they should have submitted, as the minimum requirement, an affidavit setting forth the facts constituting their defense so that the court might determine whether it was *prima facie* sufficient. The alternative motion by the appellants was neither accompanied by a sworn answer nor based upon a verified statement of any character. In this state of the record, the chancellor was justified in entering the order of default against the appellants. It must be observed that Elmer J. Lavine was the active party in a series of conveyances between relatives and that immediately after the omission to note the existing incumbrances upon certificate of title No. 259076 was discovered, there followed a conveyance to Olaf A. Johnson, Lavine's father-in-law, and then a fur-

ther conveyance to the corporation of whose capital stock Johnson owned 99.6 per cent. These facts emphasize the correctness of the chancellor's order. It certainly cannot be said that the order exemplified an abuse of judicial discretion.

In my opinion the decree of the circuit court should be affirmed.

DUNN and ORR, JJ., concur in this dissenting opinion.