SECOND DIVISION

DECEMBER 15, 1998

1-97-4233

MARY CORSI, YOLANDA McPHERSON, ) Appeal from the

ONELIO CORSI and NORMAN CORSI, ) Circuit Court

) of Cook County

Plaintiffs-Appellants, )

)

v. )

)

MARCO CORSI and PAUL SCHREIBER, )

Indiv. and as Trustees of the )

Emma Corsi Trust dated 6/5/84, )

and GINO GIOMETTI, ROSITA GIOMETTI,) 

FRANCA GIOMETTI, IDA BARACHINI, )

GIOVANI BARACHINI, RENO CORSI, )

RENA NEAL, ROSEMARY CAMPIONE, GINA )

MASONI, IDILIA GICHINI, GINO )

CORSI, NORMA LISIS, ROSITA BACCI, )

BARONELLO CORSI, CARLO CORSI, )

LUCCA CORSI, PRIMO MARINARI, )

FERDINANDO MARINARI, LOUIS GINI, )

GUIDO GINI, ARMIDA LANFRUSTI, ) No. 95 CH 11594

MAGDALENA OVERBY, JANET KOSMATINE, )

JACKIE BOWERS, ESTATE OF LOUIS )

GIOVANNETTI, ANGELO GIOVANNETTI, )

LAURENCE GIOVANNETTI, NORMA EVANS, )

PAT JIRACEK, ROGER DINI, DELORES )

M. KASNER, DONNA R. DINI, SANDRA )

DEFRANCE, SECONDO CORSI and LEDA )

CORSI, being the known )

beneficiaries of the Emma Corsi )

Trust, and JOHN or JANE DOE, )

representing the unknown )

beneficiaries of the Emma Corsi ) The Honorable

Trust, ) Albert R. Green

) Judge Presiding

Defendants-Appellees. )

JUSTICE COUSINS delivered the opinion of the court:

The plaintiffs, certain beneficiaries of a trust, brought suit alleging various breaches of fiduciary duty by the trustees and requesting removal of the trustees, an accounting, reimbursement to the trust for improper expenditures, and the setting aside of a trust amendment alleged to have been procured through undue influence. 

After allowing two amendments to the complaint, the trial court dismissed these claims with prejudice.  However, the court granted the plaintiffs' motion to file another amended complaint incorporating only one of the four counts of the previous complaint.  It later dismissed this third amended complaint on the grounds that it was premature.  

The plaintiffs appeal the dismissal of the third amended complaint as well as the dismissal of the first three counts of the second amended complaint.  The defendants filed motions to dismiss the appeal for lack of jurisdiction.  We took the appeal together with the motions challenging jurisdiction.

The defendants argue that this court does not have jurisdiction to hear the plaintiffs' appeal of the second amended complaint because: (1) the plaintiffs did not appeal within the 30-day limit set out in Rule 303(a) (155 Ill. 2d R. 303(a)); (2) plaintiffs' motion to amend was not a posttrial motion capable of extending this deadline under Rule 303(a); and (3) the third amended complaint did not preserve any of the other counts for appeal.

The plaintiffs argue in their appeal that the trial court erred in: (1) dismissing the third amended complaint as premature; (2) not allowing the plaintiffs to verify the third amended complaint when they had inadvertently forgotten to do so; (3) dismissing the second amended complaint's count for undue influence on the grounds that it was not adequately pled; (4) dismissing the count alleging that the defendants breached their fiduciary duty in not providing accountings on the grounds that no demand for an accounting had been pled; and (5) dismissing the count for breach of fiduciary duty for allowing an improper trust amendment on the grounds that the amendment was in fact proper.

BACKGROUND

This case concerns the administration of a trust created by Emma Corsi in 1984, the year after her husband Harry died.  The trust was prepared by Paul Schreiber.  Mr. Schreiber and Marco Corsi, the son of Emma’s nephew Secondo, were named as co-

trustees.  Both are defendants in this action.

Under the terms of the trust, upon Emma’s death the trust property was to be divided into 14 equal shares.  One share was to go to Marco, one was to go to Secondo, one was to go to the living descendants of Harry’s brother Tito, and the remaining shares were to go to other relatives.

Shortly after Harry’s death, Emma, then 84 years old, went to live with Secondo and his wife Leda.  In 1985, she executed an amendment to the trust.  This amendment provided that any real property owned by the trust was to go to Secondo and Leda.  The plaintiffs allege that Marco, Secondo and Leda procured this amendment by undue influence.  In 1988, Emma moved to a nursing home where she died a year later.

The plaintiffs are the living descendants of Harry’s brother Tito.  They allege that Marco and Mr. Schreiber did not tender annual accountings of the trust as required under state law and the trust’s own terms.  They also allege an improper disbursement from the trust as follows:  Emma’s will provided that taxes and expenses connected with her death were to be paid from her estate rather than the trust, so long as her estate had sufficient assets.  According to the plaintiffs, the co-trustees paid over $200,000 in estate expenses from the trust when adequate funds were available in the probate estate. It is alleged that Marco’s parents, Leda and Secondo, as Emma’s heirs, stood to gain from this improper disbursement.  Marco maintains that he has repaid the trust for any improper expenditure.

In 1995, the plaintiffs filed an action based on breach of fiduciary duty for an accounting, removal of the trustees and other relief.  The co-trustees then tendered an accounting, which the plaintiffs consistently have held to be inadequate.  The defendants filed a section 2-615 motion to dismiss. 735 ILCS 5/2-

615 (West 1994). The trial court granted the plaintiffs leave to file an amended complaint.  The defendants filed a motion to dismiss the amended complaint.  The court granted the motion. 

On November 7, 1996, the plaintiffs filed a second amended complaint.  The first count of this complaint sought to have the 1985 trust amendment set aside because of undue influence.  The second count alleged a breach of fiduciary duty by the trustees in not providing accountings and making the improper disbursement.  The third count alleged that the trustees breached fiduciary duty by allowing the 1985 trust amendment.  The fourth count sought an accounting, removal of the trustees and reimbursement.

On March 13, 1997, the trial court dismissed the second amended complaint, with prejudice, pursuant to a motion filed by the defendants under section 2-615. 735 ILCS 5/2-615 (West 1994).  The trial court included in the order language, generally used under Supreme Court Rule 304(a) to certify partial final orders for immediate appeal, that there was “no just reason to delay enforcement or appeal of this order.” 134 Ill. 2d R. 304(a).

On April 11, 1997, the plaintiffs filed a motion to modify judgment and for leave to file a third amended complaint.  The proposed complaint claimed that the trustees still had not repaid to the trust the improper disbursements connected with Emma Corsi’s death or the earnings on that money.  It also requested that the trustees be barred from receiving indemnification from the trust for their litigation expenses.  The trial court granted the motion to modify judgment on June 5, 1997, but only as to the fourth count of the second amended complaint.  Accordingly, it deleted the “with prejudice” language with regard to its order dismissing the fourth count.

On June 6, 1997, the plaintiffs filed the third amended complaint, which, unlike the prior pleadings, had not been verified.  The co-trustee defendants filed a motion to dismiss, which the trial court granted on October 15, 1997. The plaintiffs moved for a modification of the judgment and for leave to file verification for the third amended complaint.  The trial court denied these motions.  The plaintiffs appealed on November 14, 1997.  Defendant Marco Corsi and defendants Secondo and Leda Corsi filed motions to dismiss the appeals for lack of appellate jurisdiction.  In December 1997, this court took the case along with the motions to dismiss for lack of jurisdiction.

ANALYSIS

Jurisdiction

The defendants argue that this court does not have jurisdiction to hear an appeal of the dismissal of the first three counts of the plaintiffs' second amended complaint.  We agree.

On March 13, 1997, the trial court dismissed all four counts of the plaintiffs' second amended complaint with prejudice.  This was a final judgment.  "A judgment or order is 'final' if it disposes of the rights of the parties, either on the entire case, or on some definite and separate part of the controversy. [Citations] A dismissal with prejudice is usually considered a final judgment." 
Dubina v. Mesirow Realty Development, Inc.
, 178 Ill. 2d 496, 502, 687 N.E.2d 871, 874 (1997).  A final order is appealable as of right. 155 Ill. 2d R. 301.

The court included in its order a finding pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) that there was no just reason to delay an appeal.  However, we consider the Rule 304(a) finding to be improper.  This type of finding is used to certify 
partial
 final orders for immediate appeal.  However, no issues remained to be decided as to any of the parties.  The dismissal was, therefore, 
completely
 final and appealable under Supreme Court Rule 303(a). 155 Ill. 2d R 303(a).

Under Supreme Court Rule 303(a), in order for the appeals court to have jurisdiction, notice of appeal must be filed within 30 days of the final order or within 30 days of the entry of an order disposing of the last pending posttrial motion. 155 Ill. 2d R. 303(a).  The plaintiffs filed their notice of appeal long after the 30-day deadline and thus, defendants argue, this court does not have jurisdiction.  The plaintiffs contend, however, that they filed the notice of appeal within 30 days of the entry of an order disposing of the last pending posttrial motion, that is, the dismissal of the third amended complaint.

The defendants argue that the motion for leave to file an amended complaint was not a posttrial motion for the purposes of Rule 303(a) because: "(1) it did not question the propriety of the trial court's March 13, 1997 final judgment; (2) it did not set forth any basis as to why such judgment should have been reconsidered, modified or vacated; (3) it did not plead new facts or matters which were not presented to, or considered by, the trial court; and (4) it did not raise any objection to the dismissal of Counts I through III of the Second Amended Complaint with prejudice."  See 
Brock v. Police Board
, 205 Ill. App. 3d 1035, 563 N.E.2d 970 (1990).

The trial court considered the defendants' arguments, ruling that the plaintiffs' motion qualified as a posttrial motion as to count IV, but not as to the other counts.  The court stated:

"To qualify as a proper Section 2-1203 post-judgment motion, a motion must specifically request a rehearing, retrial, modification of judgment, vacation of judgment and other relief. That's 735 ILCS 5/2-1203.

However, the nature of the motion is determined by its substance rather than its caption.  And I cite [
J.D. Marshall International, Inc. v. First National Bank
, 272 Ill. App. 3d 883, 888, 651 N.E.2d 518, 521 (1995)]. 

Insofar as the plaintiffs' motion states a factual basis upon which to find the trustees' accounting deficient, seeks reimbursement of funds which Trustee Marco Corsi concedes were improperly withdrawn, and seeks 'modification' and reconsideration of judgment, the plaintiffs' motion constitutes a proper post-trial motion under Section 2-1203.

Plaintiffs' motion is sufficiently directed against this Court's prior judgment of dismissal and specifies grounds warranting such relief.

***

This Court will modify its order of March 13, 1997 only as to Count 4 of the Plaintiffs' Second Amended Complaint to make the grant of dismissal without prejudice instead of with prejudice."

The defendants argue that the trial court erred in granting the plaintiffs' motion as to count IV.  However, the decision to vacate a dismissal and allow an amended complaint is within the sound discretion of the trial court.  
Droen v. Wechsler
, 271 Ill. App. 3d 332, 648 N.E.2d 981 (1995).  In our view, there is no basis in the record to find an abuse of discretion.

Nevertheless, the trial court only deleted the "with prejudice" language with regard to count IV, the count for  reimbursement, interest and fees, and only granted the plaintiffs leave to replead this claim.  Accordingly, the motion did not toll the appeals deadline for the other counts.

Furthermore, since the third amended complaint did not replead counts I through III, it did not serve to preserve them for review.  The plaintiffs have waived objection to the dismissal of these previous counts.  
Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.
, 96 Ill. 2d 150, 153-54, 449 N.E.2d 125, 126 (1983); 
Boatman's National Bank v. Direct Lines, Inc.
, 167 Ill. 2d 88, 99, 656 N.E.2d 1101, 1106 (1995).

The Third Amended Complaint

The plaintiffs argue that their third amended complaint was improperly dismissed by the trial court.  For the reasons that follow, we agree.

The defendants proffered several reasons that the third amended complaint was properly dismissed.  First, at the time the complaint was filed the defendant trustees had already reimbursed the trust principal that was spent on Emma's probate expenses.  The trial court, moreover, found that the defendants had provided adequate accountings up to that point.  The defendant co-trustees conceded that they still owed the trust the earnings on the improperly disbursed money, but they argue that this claim is premature.  Under section 11 of the Illinois Trusts and Trustees Act, the plaintiffs will have three years to challenge the final accounting once the trustees present it.  760 ILCS 5/11(b) (West 1996). The defendants claim that a suit for interest on the improper disbursement is premature because there may be setoffs depending on how the attorney fees issue is resolved, and the attorney fees issue cannot be resolved until after this litigation ceases.

However, section 11 of the Trusts and Trustees Act only applies "on the termination of the trust." 760 ILCS 5/11(b) (West 1996).  As the trust here has not terminated, section 11 is inapposite.  The plaintiffs need not wait until the trust is terminated and the defendants provide a final accounting before they may sue for an accounting. "[P]roviding that his purpose is proper, a beneficiary has the right to inspection on demand to see that the trust is properly executed." 
McCormick v. McCormick
, 118 Ill. App. 3d 455, 461, 455 N.E.2d 103, 109 (1983).  The trial court ruled that satisfactory accountings had been filed, but "[w]hether these documents are so complete and correct as to make plaintiff[s'] demand for an accounting unreasonable and unnecessary are questions of fact and not properly a determination to make on a motion to dismiss." 
McCormick
, 118 Ill. App. 3d at 462, 455 N.E.2d at 110.  The plaintiffs' allegations of breach of trust and inadequacy of accountings are sufficient to support a motion to compel an accounting.  The plaintiffs, as beneficiaries, have a right to such information as is reasonably necessary to enable them to enforce their rights under the trust or to prevent or redress a breach of the trust.  
Wallace v. Malooly
, 4 Ill. 2d 86, 95, 122 N.E.2d 275, 280 (1954).

Moreover, a trustee who commits a breach of trust incurring liability for a certain amount of money is also liable for the interest on that money.  
Jefferson National Bank v. Central National Bank
, 700 F.2d 1143 (7th Cir. 1983).  No case law has been brought to this court's attention that would support the idea that plaintiffs must wait until the termination of the trust and a final accounting to recover such interest.

As to the matter of lack of verification, a trial court has discretion as to whether to allow an untimely motion to verify. 134 Ill. 2d R. 183.  Nevertheless, "such discretion is a judicial discretion, which is subject to review and one which should be exercised liberally in favor of the allowance of amendments whenever essential to the proper presentation of a litigant's cause of action or defense.  The application of appellants for leave to amend their [complaints] by swearing to them or for leave to file verified [complaints] was made in apt time and should have been allowed." 
Smith v. Lincoln-Catalpa Building Corp.
, 349 Ill. 530, 539, 182 N.E. 774, 777 (1932).

For the foregoing reasons, we hold that this court lacks jurisdiction to hear the plaintiffs' appeals from the dismissal of counts I, II and III of the second amended complaint because the plaintiffs did not appeal within the 30-day limit set out in Rule 303(a) (155 Ill. 2d R. 303(a)).  However, the third amended complaint did preserve count IV for appeal.  Further, the trial court erred in granting defendants' section 2-615 motion to dismiss plaintiffs' third amended complaint.

Affirmed in part and reversed in part; cause remanded. 

McNULTY and RAKOWSKI, JJ., concur.