LUCYNA ZAWADZKA, Plaintiff-Appellant, v. CATHOLIC BISHOP OF CHICAGO, a Corporation, Indiv. and d/b/a Five Holy Martyrs Catholic Church, *et al.*, Defendants-Appellees.

First District (3rd Division)  No. 1—02—1600

Opinion filed January 22, 2003.

Winters, Enright, Salzetta & O'Brien, L.L.C., of Chicago (John F. Winters, Jr., and Ruth M. Degnan, of counsel), for appellant.

Burke, Warren, MacKay & Serritella, P.C., of Chicago (James A. Serritella, James C. Geoly, and Stephen R. Meinertzhagen, of counsel), for appellees.

JUSTICE WOLFSON delivered the opinion of the court:

On October 9, 2001, Lucyna Zawadzka filed a sexual misconduct lawsuit against Father Walter Strus, the Catholic Bishop of Chicago, and Five Holy Martyrs Catholic Church, among others. Part of her claims against the Catholic Bishop and Five Holy Martyrs was based on the doctrine of *respondeat superior*.

On April 26, 2002, the trial court dismissed with prejudice all counts against the Catholic Bishop and Five Holy Martyrs that were based on the doctrine of *respondeat superior*. On May 2, 2002, Zawadzka filed an amended complaint that contained no *respondeat superior* claims against the Catholic Bishop or Five Holy Martyrs. No mention was made in the amended complaint of the dismissed claims or an intent to appeal. On May 23, 2002, Zawadzka filed a notice of appeal.

On appeal, Zawadzka contends the trial court erred in dismissing the claims based on *respondeat superior*. We do not reach the merits of her appeal because Zawadzka waived our review of this issue.[1]

BACKGROUND

According to Zawadzka's original complaint filed on October 9, 2001, the Catholic Bishop owned and operated a Catholic parish commonly known as Five Holy Martyrs. The Catholic Bishop also employed Father Walter Strus as the parish priest assigned to Five Holy Martyrs.

Sometime before October 15, 1999, Father Strus convinced Zawadzka to move from her family home in Poland to the United States. He promised to sponsor her and assist her in finding housing and employment and obtaining permanent residence in the United States. Father Strus arranged for Zawadzka's housing and employment upon her arrival.

When Zawadzka arrived in the United States, she became a

---

[1]The pleading-over cases use the word "waiver." But waiver is the "intentional relinquishment of a known right." *Illinois Valley Electric Co-Operative, Inc. v. City of Princeton*, 229 Ill. App. 3d 631, 638, 594 N.E.2d 347 (1992). It would be more accurate to use the word "forfeiture" since it is obvious that no actual waiver was intended by Zawadzka. We will, however, use the word "waiver" to be consistent with the language in the decisions.

member of Five Holy Martyrs. She had contact with Father Strus as a parishioner of Five Holy Martyrs. She would seek his advice and counsel regarding problems or concerns. Father Strus was aware he was Zawadzka's only contact in the United States.

On October 15, 1999, Father Strus visited Zawadzka at her home and forced unwanted sexual intercourse on Zawadzka. Zawadzka became pregnant. When she told Father Strus about the pregnancy, he said he would arrange for an adoption through Catholic Charities. He told her to keep the pregnancy secret for as long as possible and keep secret that he was the father of the child. Father Strus threatened to have Zawadzka deported if she refused to cooperate.

When her pregnancy became apparent, Zawadzka was unable to continue her employment. Father Strus then provided Zawadzka with living arrangements and payments for living expenses.

Zawadzka provided false information regarding the father of the child to Catholic Charities at Father Strus's demand. Father Strus provided the signature of the "father" on the adoption application.

In July 2000, when the child was born, Zawadzka decided not to go through with the adoption. Around October 2000, she sought assistance from the archdiocese and informed it of her position and Father Strus's role.

When Father Strus was confronted by his superiors about the allegations, he denied paternity and suggested Zawadzka was romantically involved with another priest at Five Holy Martyrs.

In late October 2000, Father Strus submitted to DNA testing. The results confirmed that Father Strus is the father of the child.

Zawadzka's complaint contained counts alleging negligence, intentional infliction of emotional distress, battery, invasion of privacy/false light, defamation *per se*, and defamation *per quod*. All counts appeared to allege the Catholic Bishop and Five Holy Martyrs were vicariously liable under the doctrine of *respondeat superior*. Zawadzka also alleged the Catholic Bishop and Five Holy Martyrs were directly negligent.

On November 20, 2001, the Catholic Bishop and Five Holy Martyrs moved to dismiss Zawadzka's claims against them pursuant to section 2—615 of the Code of Civil Procedure. 735 ILCS 5/2—615 (West 2000).

On April 26, 2002, Zawadzka's claim of direct negligence against the Catholic Bishop and Five Holy Martyrs was stricken with leave to amend. Her claims of vicarious liability based on the *respondeat superior* were dismissed with prejudice. The court also found that under Supreme Court Rule 304(a) there was "no just reason for delay of enforcement or appeal" from the dismissal of the *respondeat superior* claims. See 155 Ill. 2d R. 304(a).

On May 2, 2002, Zawadzka filed an amended complaint that alleged direct negligence against the Catholic Bishop and Five Holy Martyrs but did not raise or otherwise mention the claims based on *respondeat superior*.

On May 23, 2002, Zawadzka filed her notice of appeal.

## DECISION

### Waiver

■ A party who files an amended complaint waives any objection to the trial court's ruling on the former complaints. *Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150, 153, 449 N.E.2d 125 (1983). Where the amended complaint is complete in itself and does not refer to or adopt the prior complaint, the prior complaint " 'ceases to be a part of the record for most purposes, being in effect abandoned and withdrawn.' " *Foxcroft*, 96 Ill. 2d at 154, quoting *Bowman v. County of Lake*, 29 Ill. 2d 268, 272, 193 N.E.2d 833 (1963).

In *Tabora v. Gottlieb Memorial Hospital*, 279 Ill. App. 3d 108, 664 N.E.2d 267 (1996), the plaintiff, a doctor, sued the defendant, a hospital, after the defendant revoked the plaintiff's staff privileges. *Tabora*, 279 Ill. App. 3d at 110. On February 26, 1993, the plaintiff filed a second amended complaint. *Tabora*, 279 Ill. App. 3d at 111. On September 22, 1993, the trial court dismissed with prejudice portions of the second amended complaint. *Tabora*, 279 Ill. App. 3d at 111. On October 5, 1993, the plaintiff filed a third amended complaint that made no mention of the dismissed portions of the second amended complaint. *Tabora*, 279 Ill. App. 3d at 111, 114.

On January 21, 1994, the trial court dismissed with prejudice portions of the plaintiff's third amended complaint and specified that there was no just reason for delaying enforcement or appeal of the dismissed portions. *Tabora*, 279 Ill. App. 3d at 112. On February 16, 1994, the plaintiff filed a fourth amended complaint that made no mention of the dismissed portions of the third amended complaint. *Tabora*, 279 Ill. App. 3d at 112, 114. On February 17, 1994, the plaintiff filed a notice of appeal from the trial court's January 21, 1994, order. *Tabora*, 279 Ill. App. 3d at 112.

The trial court issued an order on March 21, 1994, making its order of September 22, 1993, final and appealable. *Tabora*, 279 Ill. App. 3d at 112. On March 31, 1994, the plaintiff filed a notice of appeal from the trial court's March 21, 1994, order. *Tabora*, 279 Ill. App. 3d at 112. The two appeals were consolidated. *Tabora*, 279 Ill. App. 3d at 112.

We concluded the plaintiff waived any objection to the trial court's rulings on the second amended complaint and the third amended

complaint under the *Foxcroft* rule. *Tabora*, 279 Ill. App. 3d at 113-14. After each ruling, the plaintiff filed an amended complaint that "did not reallege, refer to, incorporate, or preserve the stricken portions of his [previous] complaint[s]." *Tabora*, 279 Ill. App. 3d at 114. By doing so, the plaintiff waived our review of the trial court's ruling *even though* he filed a timely notice of appeal in each case. *Tabora*, 279 Ill. App. 3d at 114.

Zawadzka's amended complaint did not refer to or adopt her previous complaint or the claims based on *respondeat superior*. As we said in *Tabora*, "A simple paragraph or footnote in the amended pleadings notifying defendants and the court that plaintiff was preserving the dismissed portion of his former complaints for appeal would have been sufficient to avoid the consequences of the *Foxcroft* rule." *Tabora*, 279 Ill. App. 3d at 114.

■ Zawadzka contends that, despite the *Foxcroft* rule, she has not waived our review of this issue for two reasons.

First, she says *Brown Leasing, Inc. v. Stone*, 284 Ill. App. 3d 1035, 673 N.E.2d 430 (1996), supports her contention that we should reach the merits of her case. In *Brown Leasing, Inc.*, the trial court dismissed some of the plaintiff's claims. After the plaintiff filed its notice of appeal, it filed an amended complaint that did not refer to the dismissed claims. *Brown Leasing, Inc.*, 284 Ill. App. 3d at 1041-43.

We held no waiver occurred because the plaintiff filed the amended pleading *after* it had perfected the appeal. *Brown Leasing, Inc.*, 284 Ill. App. 3d at 1044. Once the notice of appeal was filed, the trial court lacked jurisdiction to allow the filing of an amended pleading that could moot the appeal. *Brown Leasing, Inc.*, 284 Ill. App. 3d at 1044.

*Brown Leasing, Inc.* does not apply here. Zawadzka filed her amended complaint *before* she filed her notice of appeal. At the time Zawadzka filed the amended pleading, the trial court had jurisdiction to allow her to file an amended pleading that abandoned or withdrew the previous claims.

Zawadzka contends *Brown Leasing, Inc.* applies here nonetheless because the trial court's order giving her the right to appeal—the Rule 304(a) language—predated the amended complaint. Zawadzka, in essence, is contending her appeal was perfected when the trial court entered its order.

She is incorrect. The appeal is perfected when a timely notice of appeal is filed with the trial court (*Robertson v. Winnebago County Forest Preserve District*, 301 Ill. App. 3d 520, 528, 703 N.E.2d 606 (1998)), not when the trial court issues an appealable order. Because Zawadzka filed the amended complaint before she perfected her appeal, she has waived our review of the trial court's ruling.

Second, Zawadzka says she has taken "steps to address any concerns this court may have about whether [she] adequately preserved her right to appeal these issues." On November 8, 2002, the trial court granted Zawadzka "leave to file her motion for leave to file her third amended complaint at law." She did so the same day. To her motion, Zawadzka attached a copy of her proposed third amended complaint. In the proposed complaint, she reasserts the claims against the Catholic Bishop and Five Holy Martyrs based on *respondeat superior*. The record does not show whether the trial court granted Zawadzka's motion. Nor does the record show whether Zawadzka ever filed the third amended complaint.[2]

Zawadzka waived this resuscitation argument by failing to cite relevant authority. *Estate of Strocchia v. City of Chicago*, 284 Ill. App. 3d 891, 901, 672 N.E.2d 919 (1996) (failure to cite to authority in support of an argument as required by Supreme Court Rule 341(e)(7) (188 Ill. 2d R. 341(e)(7)) waives the argument). In addition, once Zawadzka perfected her appeal pursuant to Rule 304(a), the trial court had no jurisdiction over any matter relating to claims that are the subject of this appeal. See *Brown Leasing, Inc.*, 284 Ill. App. 3d at 1044.

## Motion to Dismiss

Zawadzka contends the trial court erred in dismissing her claims based on *respondeat superior*. The underlying issue—whether a priest's employer is liable under the doctrine of *respondeat superior* for the sexual assault of a parishioner by the priest—is an interesting and sensitive issue, particularly given the recent, heightened attention to sexual misconduct by members of the clergy. Because Zawadzka waived our review of the merits of her appeal, we believe the posture of this case does not allow us to properly answer the questions posed by the trial court's dismissal. For this reason, we do not address the merits of Zawadzka's appeal.

## CONCLUSION

For the foregoing reasons, we find Zawadzka waived (forfeited) our review of the merits of her appeal. We affirm the trial court's order granting the Catholic Bishop and Five Holy Martyrs' motion to dismiss.

Affirmed.

HOFFMAN and HALL, JJ., concur.

---

[2]Zawadzka had filed a second amended complaint on October 30, 2002. It, too, did not allege *respondeat superior*, nor did it refer to earlier complaints.