ADAM CWIKLA *et al.*, Plaintiffs-Appellants, v. TOM SHEIR *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 1—01—4258

Opinion filed December 10, 2003.

Joseph V. Roddy and Tamara L. Cummings, both of Law Offices of Joseph V. Roddy, of Chicago, for appellants.

Michael A. Cotteleer, of Cotteleer Law Offices, of Wheaton, for appellees.

JUSTICE HALL delivered the opinion of the court:

This appeal arises from two circuit court orders. The first order, entered on May 15, 2001, dismissed the amended complaint filed by plaintiffs, Adam Cwikla and D2 Trucking, Inc. (D2 Trucking), against defendants, Tom Sheir[1] and Flocarol Crigler, alleging fraud and breach

---

[1]Tom Sheir's surname has been variously spelled as: "Shire," "Sheir," and "Shier." The spelling "Sheir" will be used throughout this opinion because it is the spelling that is used on the response brief filed by Sheir's attorney.

of fiduciary duty. The second order, entered on November 28, 2001, granted summary judgment in favor of Sheir on his counterclaim for attorney fees.

On appeal, plaintiffs contend that: (1) the circuit court erred in dismissing the breach of contract claim in their original complaint; (2) they properly pled a viable fraud claim in their amended complaint; (3) they properly pled a separate claim for breach of fiduciary duty in their amended complaint; and (4) the trial court erred by entering judgment in favor of Sheir on his counterclaim for attorney fees. For the reasons that follow, we affirm in part, reverse in part, and remand the cause for further proceedings consistent with this opinion.

The facts in this case center on the termination of a business relationship within what is described as a small and close-knit trucking company. Plaintiff Cwikla was president, shareholder and director of plaintiff D2 Trucking. Defendant Sheir was secretary/treasurer, as well as a shareholder and director, of D2 Trucking. Cwikla and Sheir were sole equal co-shareholders of D2 Trucking. Sheir was responsible for the company's financial matters, which included billing and payroll. He was also authorized to sign company checks.

On November 11, 1997, Cwikla and D2 Trucking entered into a mutual release and termination agreement with Sheir. Under the terms of the agreement, Sheir severed his relationship with Cwikla and D2 Trucking, and Cwikla obtained all of Sheir's rights, titles and interests in D2 Trucking, in exchange for a lump-sum payment of $40,000.

Subsequent to the termination agreement and during the compilation of financial statements, accountants for D2 Trucking allegedly discovered that Sheir had issued company check No. 4057, dated January 7, 1997, made payable to Sheir's mother-in-law, defendant Flocarol Crigler, in the amount of $40,000. Thereafter, on February 20, 1998, plaintiffs Cwikla and D2 Trucking filed a verified three-count original complaint against defendants Sheir and Crigler for breach of an oral contract (count I), fraud (count II), and breach of fiduciary duty (count III).

In the breach of contract claim, plaintiffs alleged that Crigler and D2 Trucking had entered into an oral agreement wherein D2 Trucking loaned Crigler $40,000, in return for Crigler's promise to repay this loan amount, and that Crigler had breached the oral agreement by failing to repay the loan. In the fraud claim, plaintiffs alleged that Sheir committed fraud by failing to disclose the loan agreement during termination agreement negotiations. And in the breach of fiduciary claim, plaintiffs alleged that Sheir's conduct in making the loan to

Crigler, his mother-in-law, amounted to a diversion of corporate funds in breach of his fiduciary obligations to D2 Trucking.

On November 2, 2000, after the parties conducted discovery and submitted pretrial materials, defendants filed a motion for judgment on the pleadings pursuant to section 2—615(e) of the Code of Civil Procedure (Code) (735 ILCS 5/2—615(e) (West 1996)). On November 30, 2000, the circuit court granted defendants' motion, without prejudice, and allowed plaintiffs leave to file an amended complaint. Plaintiffs filed their two-count amended complaint on December 28, 2000, alleging fraud and breach of fiduciary duty. No allegation was made nor relief sought against Crigler in the amended complaint.

Thereafter, defendants Sheir and Crigler filed their motion to dismiss plaintiffs' amended complaint pursuant to sections 2—615(a),(b),(c), and (d), and section 2—619(a)(9) of the Code. In the motion, defendants argued as follows: since the amended complaint was unverified it should be dismissed pursuant to section 2—615(b); Crigler should be dismissed from the action pursuant to sections 2—615(b),(c), and (d) of the Code, since no allegation was made nor was relief sought against Crigler in the amended complaint; the fraud claim as to D2 Trucking should be dismissed pursuant to sections 2—615(b),(c), and (d) of the Code; the fraud claim as to Cwikla should be dismissed pursuant to section 2—619(a)(9) of the Code; and the breach of fiduciary duty claim should be dismissed pursuant to section 2—619(a)(9) of the Code.

On May 15, 2001, after briefing and oral argument, the circuit court granted defendants' motion to dismiss plaintiffs' amended complaint, with prejudice. On June 7, 2001, plaintiffs filed a notice of appeal from the orders entered on November 30, 2000, and May 15, 2001. On August 21, 2001, defendant Sheir filed a motion for summary judgment on count II (attorney fees) of his counterclaim. The plaintiffs' appeal from the May 15, 2001, order was dismissed by this court on October 10, 2001, for want of jurisdiction as a consequence of the pendency of Sheir's unresolved counterclaim for attorney fees.

On November 28, 2001, the circuit court entered judgment on count II of Sheir's counterclaim in his favor and against plaintiffs in the amount of $20,609.70. On the same date, Sheir voluntarily dismissed count I (indemnification) of his counterclaim. On December 3, 2001, plaintiffs filed their notice of appeal seeking relief from the circuit court's orders of May 15, 2001, and November 28, 2001.

## ANALYSIS

### I. Breach of Contract

Plaintiffs first contend that the circuit court erred in dismiss-

ing their breach of contract claim. We find that pursuant to the *Foxcroft* rule (*Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150, 154, 449 N.E.2d 125 (1983)), plaintiffs have waived objection to the circuit court's order dismissing the breach of contract claim. The decision in *Foxcroft* stands for the proposition that "[w]hen a complaint is amended, without reference to the earlier allegations, it is expected that these allegations are no longer at issue." *Foxcroft*, 96 Ill. 2d at 154. The *Foxcroft* rule applies "not only to factual allegations, but also to theories of recovery." *Bilut v. Northwestern University*, 296 Ill. App. 3d 42, 46, 692 N.E.2d 1327 (1998), citing *Foxcroft*, 96 Ill. 2d at 155.

■ In the instant case, the record shows that plaintiffs pled a breach of contract claim in their original three-count complaint. However, after the circuit court granted defendants' motion to dismiss and thereafter allowed plaintiffs leave to file an amended complaint, plaintiffs failed to reallege the breach of contract claim in their two-count amended complaint. Therefore, since the amended complaint did not replead the breach of contract claim, it did not serve to preserve this claim for review. *Corsi v. Corsi*, 302 Ill. App. 3d 519, 524, 706 N.E.2d 956 (1998). Consequently, the plaintiffs have waived objection to dismissal of the previous breach of contract count. See *Tabora v. Gottlieb Memorial Hospital*, 279 Ill. App. 3d 108, 113, 664 N.E.2d 267 (1996); *Abrams v. Watchtower Bible & Tract Society*, 306 Ill. App. 3d 1006, 1014, 715 N.E.2d 798 (1999); *Zawadzka v. Catholic Bishop*, 337 Ill. App. 3d 66, 69, 785 N.E.2d 71 (2003).

## II. Fraud Claim

Plaintiffs next contend that in count I of their amended complaint they pled a viable fraud claim against Sheir on the ground that Sheir misrepresented the financial status of D2 Trucking during negotiations of the termination agreement when he indicated that the trucking company had no outstanding liabilities or debts, thereby concealing the $40,000 check he issued to Crigler. In response, Sheir asserts that count I of plaintiffs' amended complaint fails to allege a cause of action for fraud.

Defendants Sheir and Crigler's motion specified that dismissal of count I as to D2 Trucking was brought pursuant to sections 2—615(b),(c), and (d) of the Code, and that dismissal of count I as to Cwikla was brought pursuant to section 2—619(a)(9) of the Code. The trial court granted defendants' motion to dismiss without stating whether it granted the motion based on section 2—615 or section 2—619 grounds. We will proceed under the assumption that the trial court dismissed count I pursuant to the sections of the Code specified

by defendants in their motion to dismiss. However, we will review the dismissal of the fraud count as to Cwikla under both sections of the Code.

■ Our review of a dismissal under both sections is *de novo* (*In re Chicago Flood Litigation*, 176 Ill. 2d 179, 189, 680 N.E.2d 265 (1997)), and under both sections we accept all well-pled facts as true and draw all reasonable inferences in favor of the plaintiff (*Doe v. Chicago Board of Education*, 339 Ill. App. 3d 848, 853, 791 N.E.2d 1283 (2003)); the analysis, however, differs.

A significant difference between the two motions is that a section 2—615 motion is based on the pleadings rather than on the underlying facts. *Barber-Colman Co. v. A&K Midwest Insulation Co.*, 236 Ill. App. 3d 1065, 1068, 603 N.E.2d 1215 (1992). A section 2—615 motion challenges a complaint for failing to state a cause of action, while a section 2—619(a)(9) motion admits the legal sufficiency of the complaint but asserts that it is barred by some affirmative matter. *Caruth v. Quinley*, 333 Ill. App. 3d 94, 97, 775 N.E.2d 224 (2002).

A section 2—615 motion attacks the legal sufficiency of the complaint by alleging defects on the face of the complaint. *Van Horne v. Muller*, 185 Ill. 2d 299, 305, 705 N.E.2d 898 (1998). In ruling on a section 2—615 motion, the court may not consider affidavits, products of discovery, documentary evidence not incorporated into the pleadings as exhibits, or other evidentiary materials. *Barber-Colman Co.*, 236 Ill. App. 3d at 1068. A reviewing court will affirm dismissal of a cause of action on the pleadings only if the court determines that no set of facts can be proven which would entitle the plaintiff to the relief sought. *Board of Directors of Bloomfield Club Recreation Ass'n v. The Hoffman Group, Inc.*, 186 Ill. 2d 419, 424, 712 N.E.2d 330 (1999).

In comparison, a section 2—619(a)(9) motion assumes a cause of action has been stated, but asserts that the claim is defeated by some affirmative matter that avoids the legal effect of or defeats the claim. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 115, 619 N.E.2d 732 (1993). An "affirmative matter" in a section 2—619(a)(9) motion is something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 486, 639 N.E.2d 1282 (1994); see, *e.g.*, *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 383, 687 N.E.2d 1042 (1997) (immunity from suit as an affirmative matter); *Glisson v. City of Marion*, 188 Ill. 2d 211, 220, 720 N.E.2d 1034 (1999) (lack of standing as an affirmative matter); *Edelman, Combs & Latturner v. Hinshaw & Culbertson*, 338 Ill. App. 3d 156, 164, 788 N.E.2d 740 (2003) (in defamation action, issue of

privilege as an affirmative defense). An affirmative matter encompasses any defense other than a negation of the essential allegations of the plaintiff's cause of action. *Palumbo Bros., Inc. v. Wagner*, 293 Ill. App. 3d 756, 760, 688 N.E.2d 837 (1997). If a cause of action is dismissed pursuant to a section 2—619(a)(9) motion, the question on appeal is whether there is a genuine issue of material fact and whether defendant is entitled to judgment as a matter of law. *Illinois Graphics Co.*, 159 Ill. 2d at 494.

■ In order to state a claim for common law fraud, a plaintiff must allege that any misrepresentations were: (1) a false statement of material fact; (2) known or believed to be false by the party making them; (3) intended to induce the other party to act; (4) acted upon by the other party in reliance upon the truth of the representations; and (5) damaging to the other party as a result. *Talbert v. Home Savings of America*, 265 Ill. App. 3d 376, 381-82, 638 N.E.2d 354 (1994); *Hart v. Boehmer Chevrolet Sales, Inc.*, 337 Ill. App. 3d 742, 751, 787 N.E.2d 350 (2003); *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 496, 675 N.E.2d 584 (1996). The elements of fraud must be proven by clear and convincing evidence. *In re Application of Rosewell*, 106 Ill. 2d 311, 318-19, 478 N.E.2d 343 (1985).

■ In count I (fraud) of the amended complaint, plaintiffs alleged, *inter alia*, that Sheir knowingly misrepresented the financial condition of D2 Trucking by failing to disclose that he had caused the trucking company to loan $40,000 to Crigler; that Sheir made the false representation for the purpose of inducing Cwikla to purchase Sheir's stock in D2 Trucking; and that in reliance upon Sheir's false representation, Cwikla purchased the stock from Sheir for the sum of $40,000.

These factual allegations fail to state a cause of action sounding in fraud as to D2 Trucking. In order to establish fraud, it must be alleged and proved, *inter alia*, that the statement must have been made for the purpose of inducing the other party to act and the reliance by the person to whom the statement is made must lead to his injury. Here, there is no such reliance pleaded in count I of the amended complaint as it relates to D2 Trucking. Count I is concerned solely with the transfer of stock from Sheir to Cwikla for the sum of $40,000. No statement was made to D2 Trucking for the purpose of inducing the trucking company to act in reliance on such statement in regard to the stock transfer. Thus, the record supports the trial court's section 2—615 dismissal of count I as to D2 Trucking.

■ However, the allegations in count I set forth a sufficient cause of action sounding in fraud as to Cwikla and against Sheir that should not have been dismissed pursuant to either section 2—615 or section

2—619(a)(9) of the Code. There is a high standard of specificity required for pleading claims of fraud. *Board of Education v. A, C & S, Inc.*, 131 Ill. 2d 428, 457, 546 N.E.2d 580 (1989). The facts must be pleaded with sufficient specificity, particularity, and certainty to apprise the opposing party of what he is called upon to answer. *Board of Education*, 131 Ill. 2d at 457. The pleadings must contain specific allegations of facts from which fraud is the necessary or probable inference, including what misrepresentations were made, when they were made, who made the misrepresentations, and to whom they were made. *Board of Education*, 131 Ill. 2d at 457; *Connick*, 174 Ill. 2d at 496-97.

In the instant case, plaintiffs met the specificity required and Sheir was well apprised of the claims made against him. Plaintiffs sufficiently alleged that Sheir made false statements of material fact, knew they were false, and intended for Cwikla to rely on the statements, causing Cwikla to suffer damage as a result of his reliance. Accordingly, count I as to Cwikla and against Sheir contained factual allegations sufficient to establish a cause of action for fraudulent misrepresentation.

In addition, count I as to Cwikla should not have been dismissed pursuant to section 2—619(a)(9) of the Code. Sheir contends that Cwikla's answers to interrogatories and his responses to a request to admit facts amounted to an affirmative matter which negated plaintiffs' fraud claim. Specifically, Sheir asserts that Cwikla's answers and responses established that Cwikla had access to the same financial records and documents to which Sheir had access and therefore Cwikla's reliance on Sheir's alleged misrepresentations regarding the $40,000 check was unjustified.

It is true that in order to sustain an action for fraudulent misrepresentation, a plaintiff's reliance on the truth of a defendant's false statement of material fact must have been justified. *Neptuno Treuhand-Und Verwaltungsgesellschaft Mbh v. Arbor*, 295 Ill. App. 3d 567, 575, 692 N.E.2d 812 (1998). However, Sheir's contention that Cwikla's answers to interrogatories and his responses to a request to admit facts establish unjustifiable reliance as a matter of law overlooks the fact that our courts have held that justifiable reliance is a question of fact to be determined by the finder of fact and not by the trial court as a matter of law. *Sims v. Tezak*, 296 Ill. App. 3d 503, 511, 694 N.E.2d 1015 (1998); *Schrager v. North Community Bank*, 328 Ill. App. 3d 696, 709, 767 N.E.2d 376 (2002).

On the present record, the question remains whether Cwikla's reliance on Sheir's alleged misrepresentations regarding the $40,000 check was justified. Here, the defendants' motion did not defeat the

plaintiffs' fraud claim as to Cwikla, as the alleged affirmative matter was nothing more than evidence offered to contest an ultimate fact in the case, namely, whether Cwikla's reliance was justified. Therefore, the plaintiffs' cause of action sounding in fraud as to Cwikla and against Sheir was incorrectly dismissed pursuant to section 2—619(a)(9) of the Code.

## III. Breach of Fiduciary Duty

■ ■ Plaintiffs next maintain that in count II of their amended complaint, they properly pled a claim for breach of fiduciary duty. Illinois is a fact-pleading jurisdiction that requires a plaintiff to present a legally and factually sufficient complaint. *Anderson v. Vanden Dorpel*, 172 Ill. 2d 399, 408, 667 N.E.2d 1296 (1996). At the pleading stage, a plaintiff is not required to prove his or her case, but must allege sufficient facts to state all the elements of the asserted cause of action. *Inland Real Estate Corp. v. Tower Construction Co.*, 174 Ill. App. 3d 421, 433, 528 N.E.2d 421 (1988). In order to plead a cause of action for breach of fiduciary duty, a complaint must allege that: (1) a fiduciary duty exists; (2) the fiduciary duty was breached; and (3) such breach proximately caused the injury of which the plaintiff complains. *Neade v. Portes*, 193 Ill. 2d 433, 444, 739 N.E.2d 496 (2000); *Prime Leasing, Inc. v. Kendig*, 332 Ill. App. 3d 300, 313, 773 N.E.2d 84 (2002). Count II in plaintiffs' amended complaint sufficiently alleges all three elements.

■ The first element is satisfied because, as a director of D2 Trucking, Sheir had a fiduciary relationship with D2 Trucking and its shareholders. See *Wencordic Enterprises, Inc. v. Berenson*, 158 Ill. App. 3d 913, 917, 511 N.E.2d 907 (1987) (concluding that a director of a corporation has a fiduciary relationship with the corporation and its shareholders). The second element is satisfied based upon plaintiffs' allegation that Sheir violated his fiduciary duty to D2 Trucking by using his position as a company officer to divert corporate funds from D2 Trucking to his mother-in-law, for his benefit and to the financial detriment of D2 Trucking. See *Smith-Shrader Co. v. Smith*, 136 Ill. App. 3d 571, 577, 483 N.E.2d 283 (1985) (stating that officers and directors of a corporation cannot actively exploit their positions within the corporation for their own personal benefit); *Dowd & Dowd, Ltd. v. Gleason*, 284 Ill. App. 3d 915, 926, 672 N.E.2d 854 (1996); *aff'd in part & rev'd in part on other grounds*, 181 Ill. 2d 460, 693 N.E.2d 358 (1998) (concluding that as a fiduciary, a corporate officer owes, at the very minimum, an obligation to deal honestly and fairly with his corporation). Lastly, the third element was satisfied based upon plaintiffs' allegation that Sheir breached his fiduciary duty to D2

Trucking by diverting corporate funds to himself when he issued a company check to his mother-in-law in the amount of $40,000 and thereby injured D2 Trucking's ability to function. Therefore, we conclude that count II in plaintiffs' amended complaint sufficiently states a cause of action against Sheir for breach of fiduciary duty owed to D2 Trucking, but not as to Cwikla.

■ Sheir contends that even if count II of the amended complaint sufficiently stated a cause of action against him for breach of fiduciary duty, the circuit court correctly dismissed the claim because it was barred by specific provisions contained in the termination agreement and mutual release.

"A release is a contract whereby a party abandons a claim to the person against whom the claim exists." *International Insurance Co. v. Sargent & Lundy*, 242 Ill. App. 3d 614, 622, 609 N.E.2d 842 (1993); *Loberg v. Hallwood Realty Partners*, 323 Ill. App. 3d 936, 941, 753 N.E.2d 1020 (2001). Parties in a fiduciary relationship owe one another a duty of full disclosure of material facts when making a settlement and obtaining a release. *Golden v. McDermott, Will & Emery*, 299 Ill. App. 3d 982, 988, 702 N.E.2d 581 (1998). Therefore, a severance agreement arising out of a fiduciary relationship is voidable if one party withheld facts that were material to the agreement. *Golden*, 299 Ill. App. 3d at 990. A withheld fact is material if plaintiff would have acted differently had he been aware of the withheld fact. *Golden*, 299 Ill. App. 3d at 990-91.

Cwikla argues that had he known that Sheir had issued a company check to his mother-in-law in the amount of $40,000, for Sheir's own personal benefit, he would not have entered into the mutual release and purchased Sheir's interest in D2 Trucking for the agreed amount of $40,000. Thus, in view of Sheir's duty of full disclosure during the settlement negotiations, his failure to disclose his issuance of company check No. 4057, made payable to his mother-in-law in the amount of $40,000, was material to the mutual release as well as the termination agreement. The question of whether there was fraud in obtaining a release is generally one of fact. See *Erickson v. Wagon Wheel Enterprises, Inc.*, 101 Ill. App. 2d 296, 303, 242 N.E.2d 622 (1968); *Sexton v. Southwestern Auto Racing Ass'n*, 75 Ill. App. 3d 338, 340, 394 N.E.2d 49 (1979).

The relevant provisions in the termination agreement and mutual release are insufficient to extinguish plaintiffs' breach of fiduciary duty claim. In addition, we hold that the circuit court erred by entering judgment in favor of Sheir on his counterclaim for attorney fees and costs in light of our remand to determine if the mutual release is voidable.

34

## IV. Conclusion

Accordingly, we find that plaintiffs have waived review of the circuit court's November 30, 2000, order dismissing, without prejudice, the breach of contract claim in their original complaint; we affirm that portion of the circuit court's May 15, 2001, order dismissing the fraud claim as to D2 Trucking and against Sheir, and the breach of fiduciary duty claim as to Cwikla and against Sheir.

We reverse that portion of the circuit court's May 15, 2001, order dismissing the fraud claim as to Cwikla and against Sheir, and the breach of fiduciary duty claim as to D2 Trucking and against Sheir; we reverse the circuit court's November 28, 2001, order granting summary judgment in favor of Sheir on his counterclaim for attorney fees, and we remand the cause for further proceedings consistent with this opinion.

Affirmed in part and reversed in part; cause remanded.

HOFFMAN, P.J., and SOUTH, J., concur.